# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS LLC,<br><br>    Plaintiff and Counter-Defendants,<br><br>vs.<br><br>CROSSROAD PETROLEUM, INC. et al.,<br><br>    Defendants and Counter-Plaintiffs,<br><br>vs.<br><br>THRIFTY OIL CO.,<br><br>Counter-Defendant.<br><br>AND RELATED CONSOLIDATED ACTIONS | CASE NO. 12CV665<br><br>**ORDER DENYING EMERGENCY EX PARTE MOTIONS FOR INJUNCTIVE RELIEF AND/OR INTERIM EQUITABLE RELIEF PURSUANT TO THE PMPA AND IN COMPLIANCE WITH FRAP RULE 8**<br><br>(ECF Nos. 46, 48) |

    Presently before the Court is the Franchisees' Emergency Ex Parte Motion for Injunctive Relief and/or Interim Equitable Relief Pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, *et seq*., and in Compliance with Federal Rule of Appellate Procedure 8, (ECF No. 46), and Crossroad Petroleum's motion for the same, (ECF No. 48). The Court denied the Franchisees' and Crossroad's motions for temporary restraining orders ("TRO") in an Order dated April 19, 2012. (Order, ECF No. 43) The Franchisees and Crossroad immediately filed Notices of Appeal, (ECF Nos. 45, 47), and followed up with the instant renewed requests for injunctive relief and a stay pending appeal of the Court's Order denying their prior request.

The motions are **DENIED**. The Court has already declined to issue a TRO in this matter. The Court will not reconsider its prior Order, and the moving parties have not given any basis for the Court to do so. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (indicating that reconsideration of a prior order is "appropriate if the district court (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law"). The Court declines to give the Franchisees yet another bite at the apple[1]; their recourse now is before the appellate court.

To the extent the Franchisees are requesting a stay pending their appeal of this Court's Order, that request is also **DENIED**. The requested stay would be tantamount to issuing the exact relief the Court has already declined to issue, as the Franchisees apparently recognize. (Franchisees' Emergency Mot. 9, ECF No. 46 ("Although it might seem ironic that the Court should grant injunctive relief awaiting the appeal of the Court's denial of injunctive relief awaiting the appeal of the Court's denial of injunctive relief, none-the-less such is the case."); Crossroad's Emergency Mot. 5, ECF No. 48 (same))

**IT IS SO ORDERED.**

DATED: April 23, 2012

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge

---

[1] Even considering the only unique argument raised by the Franchisees in their emergency motion, the Court's position is unchanged. The Franchisees assert that "BP has extended the terms of the expiration of the underlying leases numerous times on numerous locations," (Franchisees' Emergency Mot. 10, ECF No. 46), in an effort to convince the Court that an injunction against BPWCP would not impermissibly enjoin Thrifty because BPWCP "has the right to extend the Leases beyond the termination date," (*id.* at 14). But the fact that BPWCP has extended many of the underlying leases past the termination date does not suggest that it has the *right* to do so absent Thrifty's acquiescence. Indeed, Thrifty contends that "these extensions were the product of negotiations between Thrifty, BP, and Tesoro." (Thrifty Resp. in Opp'n to Emergency TROs 2, ECF No. 52) The Court encourages the Franchisees, BPWCP, Thrifty, and Tesoro to negotiate again to defer the turnover dates until after the Ninth Circuit has had a chance to rule on these complex issues, but the Court cannot and will not require Thrifty to extend the leases throughout the pendency of this litigation.