1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| BP WEST COAST PRODUCTS, LLC, | CASE NO. 12CV665 JLS (KSC) |
| Plaintiff and Counter Defendant, | **ORDER (1) GRANTING MOTION FOR LEAVE TO FILE AMENDED ANSWER TO FIFTH AMENDED COMPLAINT; (2) DENYING AS MOOT MOTION TO STRIKE PORTIONS OF AMENDED SUPPLEMENTAL FOURTH AMENDED ANSWER; (3) GRANTING MOTION TO DISMISS; (4) GRANTING APPLICATION FOR DEFAULT JUDGMENT; AND, (5) DECLINING TO IMPOSE SANCTIONS** |
| vs. | |
| CROSSROAD PETROLEUM, INC., ET AL., | (ECF Nos. 280, 282, 283, and 309) |
| Defendants and Counter Claimants. | |
| AND RELATED CONSOLIDATED ACTIONS | |

Presently before the Court are the Named Guarantors and Dealer Defendants'
Motion for Leave to File Amended Answer to Fifth Amended Complaint, (ECF No.
309), Plaintiff BP West Coast Products, LLC's ("BPWCP") Motion to Strike
Portions of Named Guarantors and Dealer Defendants' Amended Supplemental
Fourth Amended Answer [Fed R. Civ. P. 12(F)] and Request for Sanctions, (ECF
No. 282), BPWCP's Motion to Dismiss and Request for Sanctions, (ECF No. 280),

1   and BPWCP's Application for Default Judgment as Against Defendants Cohen's

2   Gasoline, Inc., Matt Cohen, and Jennifer Cohen.  (ECF No. 283.)  Having reviewed

3   the parties' arguments the law, the Court:

4        (1) **GRANTS** the Dealer Defendants' motion for leave to file an amended

5        answer,

6        (2)  **DENIES AS MOOT** BPWCP's motion to strike portions of the Dealer

7        Defendants' superseded pleading,

8        (3) **GRANTS** BPWCP's unopposed motion to dismiss Defendant

9        Ambartsumyan Corporation's ("Ambartsumyan") counterclaims,

10       (4) **GRANTS** BPWCP's application for default judgment, and

11       (5) **DECLINES** to impose sanctions on parties or counsel at this time.

12                  **MOTION FOR LEAVE TO FILE AMENDED ANSWER**

13       The Dealer Defendants move for leave to file an amended answer to

14   BPWCP's Fifth Amended Complaint.  (ECF No. 309.)  BPWCP filed a notice with

15   the Court indicating that it does not oppose the Dealer Defendants' motion.  (ECF

16   No. 311.)  Accordingly, the Court **GRANTS** the motion.  The Clerk of the Court

17   shall file the amended pleading, which is attached as Exhibit 1 to the Dealer

18   Defendants' motion, as a separate entry on the docket.

19       In light of the Dealer Defendants' filing of an amended answer, BPWCP's

20   motion to strike portions of the Dealer Defendants' prior pleading is **MOOT**.

21   Accordingly, the Court **DENIES** BPWCP's motion.  (ECF No. 280.)

22                              **MOTION TO DISMISS**

23       BPWCP moves to dismiss Ambartsumyan's counterclaims.  (ECF No. 282.)

24   Ambartsumyan filed no opposition to BPWCP's motion.  Accordingly, the Court

25   **GRANTS** BPWCP's motion to dismiss.  *See* CivLR 7.1(f)(3)(c).  In light of the

26   pleading defects identified in the motion, the dismissal is **WITH PREJUDICE**.

27   ///

28   ///

**MOTION FOR DEFAULT JUDGMENT**

**1.    Legal Standard**

Federal Rule of Civil Procedure 55 permits a court to enter default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend."  Although default judgments are ordinarily disfavored, a court may grant or deny default judgment at its discretion.  *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  The Ninth Circuit has set out seven factors for a court to consider when exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

When weighing these factors, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *see also* Fed. R. Civ. P. 8(b)(6).  To prove damages, a plaintiff may submit declarations or the Court may hold an evidentiary hearing.  *See Affinity Grp., Inc. v. Balser Wealth Mgmt.*, No. 05cv1555, 2007 U.S. Dist. LEXIS 26331, at *3–4 (S.D. Cal. Apr. 10, 2007); *Taylor Made Golf Co. v. Carsten Sports*, 175 F.R.D. 658, 661 (S.D. Cal. 1997) ("In assessing damages, the court must review facts of record, requesting more information if necessary, to establish the amount to which plaintiff is lawfully entitled upon judgment by default.").

**2.    Analysis**

BPWCP moves for default judgment against Defendants Cohen's Gasoline, Inc., Matt Cohen, and Jennifer Cohen ("the Cohen Defendants").  The Court finds

1   that, in light of the facts of this case, BPWCP's application for default judgment

2   must be **GRANTED**.  Reviewing the *Eitel* factors, all favor BPWCP.  Because the

3   Cohen Defendants have refused to participate in this lawsuit, no possibility of

4   dispute concerning material facts has been presented.  Moreover, there is little

5   possibility of dispute because the Court takes all factual allegations in the complaint

6   as true based on the entry of default.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826

7   F.2d 915, 917–18 (9th Cir. 1987).

8        There is little or no evidence that the Cohen Defendants' default is due to

9   excusable neglect.  They were served with process as early as September 7, 2012,

10  but have made no effort to appear in this suit.  (*See* Mot. for Default J. 1, ECF No.

11  283-1.)

12       Denial of this motion would result in prejudice to BPWCP because they

13  would be unable to obtain the declaratory relief and damages that they seek in any

14  other forum.  BPWCP seeks $294,890.78 in damages, a very large sum.  Although

15  the significant amount of damages sought would typically weigh against entry of

16  default judgment, BPWCP's request for damages is supported by evidence.  (*See*

17  Mot. for Default J., Ex. C., ECF No. 283-3.)  Also, the fact that the Cohen

18  Defendants refuse to participate in the judicial process renders a decision on the

19  merits virtually impossible.  Thus, despite the policy favoring decisions on the

20  merits, these *Eitel* factors all weigh in favor of entering default judgment against the

21  Cohen Defendants.

22       The remaining *Eitel* factors are the second and third factors—the merits of the

23  substantive claim and the sufficiency of the complaint—both of which also favor

24  entry of default judgment.  *Eitel*, 782 F.2d at 1471.  BPWCP brings claims against

25  the Cohen Defendants for declaratory relief under the PMPA, as well as for damages

26  for breach of franchise and guaranty agreements.  BPWCP alleges that it is entitled

27  to a declaratory judgment that its termination and non-renewal of the Cohen

28  Defendants' franchise comported with the notice and other requirements of the

PMPA.  (Mot. for Default J. 5, ECF No. 283-1.)  BPWCP also alleges that the Cohen Defendants accepted delivery of $254,360.33 worth of gasoline, but failed to pay for it, that they owe $3,952.83 in unpaid rent, and that their premature abandonment of their station left it in a state of disrepair such that BPWCP had to expend a total of $49,077.62 to "remove trash, to ensure air permit renewals, for annual emissions fees, and for various maintenance issues." (*Id.* at 5–6.)  These allegations, taken as true, are sufficient to establish BPWCP's claims under the PMPA and the franchise and guaranty agreements.

Accordingly, the Court **GRANTS** Plaintiffs' motion and **HEREBY ORDERS** as follows:

(1)     That BPWCP is entitled to declaratory judgment, and declaratory
        judgment is hereby entered, against defendant Cohen's Gasoline, Inc.
on the First Claim for Declaratory Relief Under the PMPA, 15 U.S.C.
§§ 2801 *et seq.*  holding:

        a.     The relationship between defendant Cohen's Gasoline, Inc. and
        BPWCP was that of a franchise relationship as defined and
        provided by Section 2801 of the PMPA;

        b.     Under the PMPA, BPWCP lawfully terminated defendant
        Cohen's Gasoline, Inc.'s franchise and franchise relationship
        with BPWCP based upon the expiration of the underlying Site
        Lease (as defined in the Complaint);

        c.     Under the terms of the franchise agreement between
        BPWCP and Cohen's Gasoline, Inc., BPWCP lawfully
        terminated the franchise and franchise relationship based upon
        the expiration of the underlying Site Lease (as defined in the
        Complaint)

        d.     The Termination Notice sent to Cohen's Gasoline, Inc. was
        reasonable and appropriate under 15 U.S.C. § 2802(b)(2)(C) (the

occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise is reasonable) and Section 2802(c)(4) (loss of the franchisor's right to grant possession of the leased marketing premises through expiration of an underlying lease);

e.  BPWCP did not hold any option to extend the underlying Site Lease or option to purchase the Premises at the time BPWCP provided Notice of Nonrenewal/Termination to the Cohen's Gasoline, Inc.;

f.  The extension option provided for in the Master Lease (as defined in the Complaint) was impractical and impossible for BPWCP to exercise given that in order to exercise any of its extension options under the Master Lease, BPWCP was required to exercise the extension options in all Site Leases; and

g.  BPWCP was not required to offer to assign to Cohen's Gasoline, Inc. its option to extend the underlying Site Lease or option to purchase the Premises under 28 U.S.C. § 2802(c)(4)(B).

(2)  That BPWCP is entitled to judgment to be entered, and judgment is hereby entered, against Cohen's Gasoline, Inc. and in favor of BPWCP on the Third Claim for Breach of Franchise Agreements and awarding BPWCP damages, and entering judgment, in the total amount of $294,890.78.  Furthermore, that BPWCP is entitled to post-judgment Interest on the above-referenced amount as permitted by 28 U.S.C. § 1961.

(3)  That BPWCP is entitled to judgment to be entered, and judgment is hereby entered, against defendants Matt Cohen and Jennifer Cohen, jointly and severally, and in favor of BPWCP on the Fifth Claim for Breach of Guaranty Agreements and awarding BPWCP damages, and

1    entering judgment, in the total amount of $294,890.78.  Furthermore,

2    that BPWCP is entitled to post-judgment interest on the

3    above-referenced amount as permitted by 28 U.S.C. S 1961.

4    (4)    That the foregoing judgment against Matt Cohen and Jennifer Cohen is

5    joint and several with the foregoing judgment against Cohen's

6    Gasoline, Inc. but in no event shall the recovery against any one or

7    more of the Cohen Defendants  exceed an aggregate principal amount

8    of $294,890.78.

9    (5)    That BPWCP has voluntarily dismissed the Eighth Claim for Relief for

10    Conversion as against Cohen's Gasoline, Matt Cohen, and Jennifer

11    Cohen.

## REQUEST FOR SANCTIONS

13    BPWCP moves for the Court to impose sanctions on Dealer Defendants and

14 their counsel for the filing of the non-operative "Amended Supplemental Fourth

15 Amended Answer."  (ECF No. 282.)  BPWCP also moves for the Court to impose

16 sanctions on Ambartsumyan and its counsel for the filing of defective counterclaims.

17 (ECF No. 280.)

18    A court may sanction a party that "unreasonably and vexatiously" multiplies

19 proceedings.  28 U.S.C. § 1927.  "To warrant sanctions . . . a court must find the

20 attorney acted with recklessness or subjective bad faith."  *New Alaska Dev. Corp. v.*

21 *Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).  A party acts in bad faith when he

22 "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim .

23 . . [to harass] an opponent."  *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.

24 1986).  The Court reserves "sanctions . . . for the 'rare and exceptional case where'"

25 the party commences a "clearly frivolous, legally unreasonable [action] without legal

26 foundation" or "for an improper purpose."  *Primus Auto Fin. Servs. v. Batarse*, 115

27 F.3d 644, 649 (9th Cir. 1997) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*,

28 859 F.2d 1336, 1344 (9th Cir. 1988)).

1    Without undertaking an exhaustive analysis, the Court, in its discretion,

2    declines to impose sanctions on parties or counsel at this time.

3                                    **CONCLUSION**

4        For the reasons stated above, the Court **GRANTS** the Dealer Defendants'

5    motion to file an amended answer, (ECF No. 309), **DENIES AS MOOT** BPWCP's

6    motion to strike portions of the Dealer Defendants' prior pleading, (ECF No. 280),

7    **GRANTS** BPWCP's motion to dismiss Ambartsumyan's counterclaims, (ECF No.

8    282), **GRANTS** BPWCP's application for default judgment against the Cohen

9    Defendants, (ECF No. 283), and **DECLINES** to impose sanctions on parties or

10   counsel at this time.

11       **IT IS SO ORDERED.**

12

13   DATED:  August 22, 2014

14                                         _____
                                           Honorable Janis L. Sammartino
15                                         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28