UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP West Coast Products LLC,<br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Crossroad Petroleum, Inc., et al.,<br>　　　　　　　　　　　　Defendants. | Case No.:  12-cv-00665-JLS-JLB<br><br>Order Denying in Part and Granting in Part Motion to Extend Court's Order Docket 435 and Discovery Deadline<br><br>[ECF No. 438] |

Before the Court is the "Guarantor/Defendants" (hereinafter, the "Schiller Defendants")[1] motion (ECF No. 438) seeking to extend the deadlines set out in the Court's July 7, 2015 Order (ECF No. 435), and to reopen and extend the deadline to complete fact witness depositions set forth in the September 29, 2014 Case Management Order (ECF No. 318).  For the reasons stated below, and except for the Schiller Defendants' request to extent the July 17, 2015 deadline to make Defendants Pacific Expotech, Southland Petroleum, and MK Oil available for deposition at the offices of Alston & Bird in Los Angeles,[2] the motion (ECF No. 438) is DENIED.

/ / /

---

[1] *See* ECF Nos. 414 and 422 (identifying the Schiller Defendants).

[2] As explained herein, counsel's purported unavailability appears to be the primary reason that Defendants Pacific Expotech, Southland Petroleum, and MK Oil failed to appear for deposition by July 17, 2015.  For this reason, the Court will grant these defendants one final opportunity to appear for deposition.

1

**First**, the motion was filed in violation of the meet and confer requirement set forth in Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules. Chambers Rules set forth that, "Counsel seeking to continue or reschedule any matter must confer with opposing counsel in person or by telephone prior to making the request." (Civ. Chambers R., § VII.) Further, "[t]he Court will not address discovery disputes until counsel have met and conferred to resolve the dispute." (Civ. Chambers R., § IV.A.) "Under no circumstances may counsel satisfy the 'meet and confer' obligation by written correspondence." (Civ. Chambers R., § IV.A.) The Court finds that Plaintiff BP West Coast Products LLC ("BPWCP") made itself available to meet and confer, but without good cause, the Schiller Defendants did not. As counsel have not met and conferred to resolve the disputes at issue, the motion is not properly before the Court.

**Second**, the motion is untimely with respect to two of the five extensions sought. Magistrate Judge Burkhardt's Civil Chambers Rules state that:

> Counsel must proceed with due diligence in scheduling and conducting an appropriate meet and confer conference as soon as the dispute arises. Any requests to extend the time by which parties must meet and confer or file discovery motions should be made by filing a joint motion **in advance of the meet and confer or discovery motion deadline at issue**.

(Civ. Chambers R., § IV (emphasis added).) In addition, motions to amend the Case Management Conference Order "should be filed **ten calendar days** in advance of the dates and deadlines at issue." (Civ. Chambers R., § III.C. (emphasis in original).) "When an act may or must be done within a specified time, the court may, for good

cause, extend the time . . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Here, the instant motion was filed on July 16, 2015. (ECF No. 438.) The motion seeks to extend the following deadlines: (1) the July 1, 2015 fact discovery deadline set forth in the Case Management Conference Order; (2) the July 16, 2015 deadline to complete an in-person meet and confer over the reasonableness of BPWCP's fees and costs incurred for Defendants Pacific Expotech, Southland Petroleum, and MK Oil's non-appearances at their properly noticed depositions; (3) the July 17, 2015 deadline to notify the Court as to any disputes that remain over fees and costs despite the parties' meet and confer efforts; (4) the July 17, 2015 deadline to make Defendants Pacific Expotech, Southland Petroleum, and MK Oil available for deposition at the offices of Alston & Bird in Los Angeles; and (5) the July 31, 2015 deadline for Defendants Pacific Expotech, Southland Petroleum, and MK Oil to reimburse BPWCP's fees and costs. The Schiller Defendants' motion is untimely with respect to deadline (1) – the fact discovery deadline – as the motion was filed sixteen days after the close of fact discovery.[3]

For the remainder of the deadlines – deadlines (2)-(5) above – the Schiller Defendants had less than ten days to comply with the Court's Order (ECF No. 435). As such, they could not comply with the Civil Chambers Rule that requires any motion

---

[3] Under Judge Burkhardt's Civil Chambers Rules, June 21, 2015 was the last date on which a timely motion to extend the July 1, 2015 fact discovery deadline could be filed.

1 seeking to continue a deadline be filed ten days in advance of the deadline at issue.

2 However, the Schiller Defendants were still required to comply with the Civil Chambers

3 Rule requiring that any request to extend time be filed in advance of deadline at issue.

4 The Schiller Defendants filed their motion on July 16, 2015. (ECF No. 438.) For this

5 reason, the Schiller Defendants' motion also is untimely with respect to deadline (2) – the

6 July 16, 2015 deadline to complete an in-person meet and confer over fees and costs.

**Third**, even if the Schiller Defendants' motion were timely with respect to all five deadlines, the motion is not supported by good cause. "When an act may or must be done within a specified time, the court may, *for good cause,* extend the time . . . ." Fed. R. Civ. P. 6(b)(1)(B) (emphasis added).

Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4).

The Ninth Circuit has explained the good cause requirement as follows:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification

might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999).

Here, the Schiller Defendants seek to extend discovery deadlines, but have not shown the requisite diligence necessary to extend discovery. The Schiller Defendants argue good cause is shown in light of the expert discovery demands and the search for new local counsel in this case, as well as their counsel's obligations to other cases. (ECF No. 438.) Here, however, the requisite showing of diligence is missing because it does not appear that the Schiller Defendants took any steps to comply with (or even obtain a stipulation regarding an extension of) the court-ordered deadlines at issue. Nor does the record for this case demonstrate that, in general, the Schiller Defendants have diligently attempted to adhere to the schedule throughout the course of this litigation. Thus, the Schiller Defendants fail to meet their burden to show diligence.

For example, the Schiller Defendants request additional time to meet and confer over the reasonableness of BPWCP's fees and costs. They received the detailed fee and cost invoices in support of these fees and costs on July 9, 2015. (ECF No. 440 at 2.) Nevertheless, the Schiller Defendants have yet to respond to BPWCP's requests for a

1   meet and confer, or take a position as to whether they even dispute the reasonableness of
2   the fees and costs sought by BPWCP.

3   By way of further example, the Schiller Defendants' request for a discovery
4   extension to allow them time to depose five witnesses comes sixteen days after the close
5   of fact witness discovery. During the four to five months in which the parties conducted
6   fact witness depositions, the Schiller Defendants took only one deposition toward the end
7   of the discovery period. (ECF No. 440 at 6; ECF No. 440-1 at 4, ¶¶20-21.) The Schiller
8   Defendants' motion does not address itself to the value of the depositions sought or why
9   the depositions were not initiated a sufficient period of time in advance of the July 1,
10  2015 deadline at issue, as required by the Case Management Conference Order.

11  As a final example of failure to show good cause for the extensions sought,
12  Defendants Pacific Expotech, Southland Petroleum, and MK Oil were ordered to appear
13  for depositions by July 17, 2015. The Schiller Defendants give no indication that any
14  steps were taken to make any of these defendants available for deposition in advance of
15  the deadline. Indeed, not one of these party depositions took place by the time the
16  Schiller Defendants filed for this extension of the deadline on July 16. Defendants do not
17  argue or present evidence that their party deponents were unavailable. Yet, without leave

of court, Defendants Pacific Expotech, Southland Petroleum, and MK Oil violated this Court's order by failing to make themselves available for deposition by July 17, 2015.[4]

Based on the record before the Court, the Schiller Defendants have not established they were diligent in meeting the discovery deadlines for this case. As such, "the inquiry should end." *Johnson*, 975 F.2d at 609. The Schiller Defendants' requests to extend deadlines (1)-(3) and (5) are denied. The Schiller Defendants' request to extend the July 17, 2015 deadline to make Defendants Pacific Expotech, Southland Petroleum, and MK Oil available for deposition at the offices of Alston & Bird in Los Angeles is granted in the interest of justice, **not** for good cause shown. Thus, **IT IS HEREBY ORDERED** that, as soon as practicable and by no later than **July 29, 2015**, BPWCP shall serve notices of deposition on counsel for the Schiller Defendants for the depositions of Defendants Pacific Expotech, Southland Petroleum, and MK Oil. BPWCP's notices shall set these depositions for a date convenient to BPWCP during the week of **August 3, 2015** through **August 7, 2015**. Absent a court order directing otherwise, the depositions shall go forward at the offices of Alston & Bird in Los Angeles on the date(s) set forth in the July notices of deposition.

---

[4] The Court in not persuaded by Defendants' argument that their lead counsel's obligations in other cases, expert discovery obligations in this case, and lack of participation from their current local counsel should amount to good cause for the extensions sought. The facts and circumstances surrounding these obstacles were known to the Schiller Defendants well in advance of the Court's Order setting the July 17 deadline. Defendants' course of inaction in making preparations for their depositions (as well as for a meet and confer with BPWCP's counsel) and decision to wait until July 16 to file their instant motion demonstrate a lack of diligence.

Further, in light of the Schiller Defendants' violations, without good cause, of the Court's Civil Chambers Rules and July 7, 2015 discovery order (ECF No. 435), **IT IS FURTHER ORDERED** that:

1. Pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure and Rules 16.1.b and 83.1.a of the Local Civil Rules of Practice for the United States District Court for the Southern District of California, by **July 31, 2015**, Defendants Pacific Expotech, Southland Petroleum, and MK Oil, through their counsel, shall reimburse BPWCP for their non-appearance at their properly noticed depositions in the amount of $4,982.05, $4,578.30, and $4,482.13, respectively. Defendants Pacific Expotech, Southland Petroleum, and MK Oil also shall each file a Notice of Compliance within three court days of payment to BPWCP.

2. Any request to file a renewed motion for an order granting dispositive sanctions, such as default judgment, in favor of BPWCP and against Defendants Pacific Expotech, Southland Petroleum, and MK Oil should be timely raised with District Judge Janis L. Sammartino's chambers.

Dated: July 24, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge