1

2

3

4

5          UNITED STATES DISTRICT COURT

6         SOUTHERN DISTRICT OF CALIFORNIA

7  BP West Coast Products LLC,                Case No.:  12-cv-00665-JLS-JLB
                                Plaintiff,
8                                            **Order Denying Without Prejudice**
   vs.                                       **Plaintiff's Motion for Attorneys' Fees**
9                                            **and Costs**
   Crossroad Petroleum, Inc. et al.,
10                              Defendants.   **[ECF No. 429]**

11

12        Before the Court is Plaintiff and Counter-Defendant BP West Coast Products

13  LLC's ("BPWCP") Motion for Attorneys' Fees and Costs Associated with Motions to

14  Compel Discovery Against Schiller Defendants[1] (ECF No. 429), pursuant to Rule 37 of

15  the Federal Rules of Civil Procedure and the Court's Order dated June 2, 2015 (ECF No.

16  421).

17        Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition

18  or statement of non-opposition within the fourteen calendar days prior to the noticed

19

20
_____

[1] *See* ECF Nos. 414 and 422 (identifying the Schiller Defendants).

1    hearing.  Failure to comply with these rules "may constitute a consent to the granting of a

2    motion."  CivLR 7.1.f.3.c.  District courts have broad discretion to enact and apply local

3    rules, including issuing sanctions for failure to comply with the local rules.  *Ghazali v.*

4    *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to

5    dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to

6    granting the motion); *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only

7    in rare cases will we question the exercise of discretion in connection with the application

8    of local rules").

9         Here, the scheduled hearing date reflected on Plaintiff BPWCP's noticed motion

10   was July 16, 2015, resulting in a response deadline for the Schiller Defendants of July 2,

11   2015.  More than one month has passed since the scheduled hearing date and still the

12   Schiller Defendants have not filed an opposition.  Applying the local rules of this court

13   and considering the public's interest in expeditious resolution of litigation, the court's

14   need to manage its docket, and the merits of BPWCP's Motion for Attorney's Fees and

15   Costs, the Court concludes that BPWCP should be awarded reasonable fees and costs.

16        However, BPWCP is seeking $38,840.55 in fees, and the Court is unable to

17   calculate the amount of reasonable costs and fees owed to BPWCP based on the current

18   record.  First, BPWCP fails to articulate why each of the Schiller Defendants should be

19   jointly responsible for BPWCP's fees and costs, or alternatively, how the fees and costs

20   sought should be apportioned between the various Schiller Defendants.  Second, BPWCP

1  fails to meet its burden of producing sufficient evidence showing that the requested

2  hourly rates are reasonable rates in the Southern District of California for work of similar

3  complexity by attorneys with comparable skill and reputation.  *See Chaudhry v. City of*

4  *Los Angeles*, 751 F.3d 1096, 1110-11 (9th Cir. 2014) ("Fee applicants have the burden of

5  producing evidence that their requested fees are 'in line with those prevailing in the

6  community for similar services by lawyers of reasonably comparable skill, experience

7  and reputation.'"); *Blair v. CBE Group, Inc.*, No. 13cv134-MMA, 2014 WL 4658731, at

8  *3-*5 (S.D. Cal. Sept. 17, 2014) (same).

9       The evidence presented in support of BPWCP's fees is inadequate.[2]  For example,

10  BPWCP provides an itemized list detailing the fees and costs incurred by named

11  "professional[s]," but fails to provide job titles and other information relevant to these

12  professionals' skill, experience, and reputation.  Further, BPWCP provides its own

13  counsel's declaration attesting to the reasonableness of the fees sought, but fails to

14  provide other corroborating evidence.  *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)

15  ("the burden is on the fee applicant to produce satisfactory evidence—*in addition to the*

16

17

18

19

20

---

[2] The Court notes that this is BPWCP's second opportunity to meet this burden.  The Court previously directed BPWCP to re-brief and provide sufficient evidence in support of its motion seeking sanctions. (ECF No. 421 at 3, ¶7 ("Any such motion [for costs and attorneys' fees] must be supported with sufficient evidence to meet Plaintiff's burden and to enable the Court to consider all the factors necessary in setting reasonable fees under both Fed. R. Civ. P. 37 and pertinent case law.")); *see also See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1306 (9th Cir. 1994) ("the district court was neither obligated to explain what type of records should be submitted, nor to request additional information").

12-cv-00665-JLS-JLB

1    ***attorney's own affidavits***—that the requested rates are in line with those prevailing in the

2    community for similar services by lawyers of reasonably comparable skill, experience

3    and reputation") (emphasis added); *Chaudhry*, 751 F.3d at 1110-11 ("Affidavits of the

4    plaintiffs' attorney[s] ***and other attorneys*** regarding prevailing fees in the community . . .

5    are satisfactory evidence of the prevailing market rate.") (internal citations omitted)

6    (emphasis added).

7          Therefore, BPWCP's Motion is DENIED WITHOUT PREJUDICE (ECF No. 429)

8    as BPWCP failed to meet its burden to produce sufficient evidence for the Court to award

9    reasonable fees and costs under Fed. R. Civ. P. 37.[3]

10         IT IS SO ORDERED.

11    Dated:  August 27, 2015

12                                                *Jill Burkhardt*
                                                 Hon. Jill L. Burkhardt
13                                               United States Magistrate Judge

14

15

16

17

18

19    _____

20    [3] Because this order is without prejudice, it does not preclude BPWCP from seeking an award of its reasonable costs and attorneys' fees from the District Court as part of its motions for sanctions currently pending before the Honorable Janis L. Sammartino.  (*See* ECF Nos. 446-48.)

4