UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>CROSSROAD PETROLEUM, INC., et al.,<br><br>Defendants and Counter-Claimants.<br><br>AND RELATED CONSOLIDATED ACTIONS | Case No.: 12cv665 JLS (JLB)<br>Lead Case<br><br>[Consolidated with Case Nos. 12cv886 JLS (JLB), 12cv887 JLS (JLB), and 12cv888 JLS (JLB)]<br><br>**ORDER APPROVING SANCTIONS**<br><br>(ECF No. 478, 479, 483) |

Presently before the Court are the Declaration of Abby L. Risner in Support of Request for Fees and Costs for Motions for Sanctions, (ECF No. 479-1), and the Declaration of Deborah Yoon Jones in Support of Request for Fees and Costs for Motions for Sanctions, (ECF No. 479-2). Also before the Court is the Objection to Declarations on Exhibits for Attorney Fees and Costs filed by the defendants and counter-plaintiffs represented by attorneys David Schiller and Pamela Lacey. (ECF No. 483.)

## BACKGROUND

In December 2015 the Court, in response to motions filed by BP, imposed monetary sanctions on three groups of defendants/counter-claimants due to repeated discovery misconduct. (*See* Sanctions Order, ECF No. 478.) The Court labeled BP's motions Motion

1, (ECF No. 446-1), Motion 2, (ECF No. 447-1), and Motion 3, (ECF No. 448-1), and the defendants against whom BP sought sanctions in the respective motions the Motion 1 Defendants, Motion 2 Defendants, and Motion 3 Defendants. (Sanctions Order at 2–5.) The Defendants in those categories are:

- Motion 1 Defendants: Southland Petroleum, MK Oil, and Pacific Expotech.

- Motion 2 Defendants: Chase Products, David Parker, Parshotam Kamboj, Cal Coast, Vasaya Oil, and Sharina Alloush.

- Motion 3 Defendants[1]: 2 United Oil, LLC; 3 Star Management, Inc.; Kurian Abraham; Habib Alam; Manal Alam; Sharina Alloush; Anita Alvandi; Francois Alvandi; Natalie Alvandi; Robert Alvandi; Fazilath Ansari; Khaja Ansari; Rajesh Arora; Awans Enterprises, Inc.; Heidi Bahmani; Mohammad Bahmani; Bahman Baktar; Nesrin Barbat; Salman D. Barbat; Paul Baskaron; Battir Oil Inc.; Younes Dobli Bennani; Big Daddy's Oil 14, Inc.; Big Daddy's Oil 15, Inc.; Denise M. Brown; Cal Coast Inc.; California Fuel Dispensing Inc.; Rafael Castillo; Chase Products, Inc.; Crestview Consolidated, Inc.; Daisie Enterprises Inc.; Issa T. Demes; Dream Petroleum, Inc.; Ghallab Brothers Inc.; Ibrahim Ghallab; Maret Golnazarian; Razmik Golnazarian; H & O, Inc.; Hadaf Inc.; Sylvia Haddadin; Hamlet Enterprizes, Inc.; Basel Hassounch; HRMP Corp.; Kulwant Singh Jafal; Rafwant Jafal; K & T Park 79, Inc.; Parshotam Kamboj; Mohammad Kaskas; Tahssen Kaskas; Omer Kassa; Bahman Kianmahd; Behzad Kianmahd; Sahar Kirmiz; William Kirmiz; Kalur Kishan; Ammar Maaytah; Randa Maaytah; Tarun Maitra; Salah Mazloum; MDA Fuel Inc.; Ani Mirzaian; MK Oil Inc./Kaskas Enterprises Inc.; Monteagudo Enterprises, Inc.; Liliana Monteagudo; Senan Naoum; Anit Natt; Gagan Natt; NP Petroleum Corp.; NRRM Corp.; Pacific Expotech Petro Mart, Inc.; David Parker; Anup Patel; PB, Inc.; Perfect Fuel, Inc.; Tigran Pogosyan; Soma Prasad; Muna Quasqas; Rahgozar, Inc.; Mostafa Rahgozar; Rasna, LLC; RP Oil, Inc.; Ruchisys, Inc.; Nader Sahih; Payam Sahih; Hy E. Sao; Meng E. Sao; Himanshu Sarvaiya; Sonal Shah; Yogesh Shah; Aly Shakankiry; Shamaah, Inc.; Claude Shamaah; Ruchira Sharma; Susan Shen Chin; Hamza Shilleh; Shomers Group, LLC; Vache Simonyan; SMO Oil, Inc.; South West Petroleum, LLC; Southland Petroleum, Inc.; Taftan, Inc.; Kevin Tapia; Tracy Tapia; Seyed Majid Tavabi; Sheela Thomas; Brittany Torres; United

---

[1] The Motion 3 Defendants are all those represented by attorney David Schiller, and include the sub-groups of Motion 1 Defendants and Motion 2 Defendants. BP demonstrated more egregious discovery misconduct on the part of the Motion 1 and Motion 2 Defendants, and therefore brought separate motions as to those groups.

Family, LLC; Vasaya Oil Co., Inc.; Kotsai Wang; Ara Wansikehian; West Coast Petroleum Services; Westminster Mini Market, Inc.; Jerry Zomorodian; Rebecca Zomorodian; Marie Zorenkelian; and Toros Zorenkelian.

The Court awarded the following monetary sanctions:

- Against the Motion 1 Defendants: reasonable attorneys' fees and costs associated with the Motion 1 Defendants' missed depositions, noncompliance with discovery orders, and litigating Motion 1.  All of the Motion 1 Defendants are individually liable for expenses associated with their own discovery misconduct and are jointly and severally liable for the cost incurred in litigating Motion 1.

- Against the Motion 2 Defendants: reasonable attorneys' fees and costs associated with the Motion 2 Defendants' missed depositions, noncompliance with discovery orders, and litigating Motion 2.  All of the Motion 2 Defendants are individually liable for expenses associated with their own discovery misconduct and are jointly and severally liable for the cost incurred in litigating Motion 2.

- Against the Motion 3 Defendants: reasonable attorneys' fees and costs associated with litigating Motion 3.  The Motion 3 Defendants are jointly and severally liable for these expenses.

The Court directed BP to submit documentation detailing the expenses associated with each monetary sanction award, including invoices and affidavits, and the defendants to submit their objections two weeks later. (Sanctions Order at 18.)  Because the work on BP's three sanctions motions largely overlapped, BP apportioned expenses generally associated with the three motions equally among the 116 Motion 3 Defendants, counting the Motion 1 and Motion 2 Defendants—each of whom was also a Motion 3 Defendant—only once for purposes of apportioning the expenses associated with Motion 3. (Risner Decl., ECF No. 479-1, at 10 n.5.)[2]  Where expenses were associated specifically with Motion 1 or Motion 2, they were allocated among those specific sub-groups of defendants. (*Id.*)  In its expense documentation, BP identified the following fees and costs:

---

[2] Pinpoint citations to docketed materials refer to the CM/ECF page number electronically stamped at the top of each page.

Motion 1 Defendants:
- Southland Petroleum: $3,058.59 (fees) and $966.34 (costs)
- MK Oil: $3,391.09 (fees) and $848.94 (costs)
- Pacific Expotech: $4,179.49 (fees) and $898.65 (costs)
- Jointly and severally for Motion 1: $3,525.00 (fees)

Motion 2 Defendants:
- Chase Products: $1,961.87 (fees) and $160.20 (costs)
- David Parker: $263.37 (fees) and $160.20 (costs)
- Parshotam Kamboj: $3,458.37 (fees) and $1,007.99 (costs)
- Cal Coast: $809.37 (fees) and $326.25 (costs)
- Vasaya Oil: $3,882.12 (fees) and $1,425.38 (costs)
- Sharina Alloush: $3,832.13 (fees) and $0 (costs)
- Jointly and severally for Motion 2: $270.00 (fees)

Motion 3 Defendants:
- Jointly and severally for Motion 3: $51,105.00 (fees) and $2,688.10 (costs)

(Risner Decl., ECF No. 479-1, at 9–11.)

## ANALYSIS

### I. Attorneys' Fees

BP is represented by the law firm of Greensfelder, Hemker & Gale, P.C. and local counsel Alston & Bird LLP. The professionals representing BP charge the following hourly rates:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| Professional | Position | Graduation Year | Hourly Rate |
|---|---|---|---|
| Abby Risner | Officer | 2005 | $350 |
| Juliane Rodriguez | Associate | 2012 | $225 |
| Deborah Yoon Jones | Partner | 1995 | $390 |
| Adriene Plescia Lynch | Associate | 2008 | $350 |
| Mary Illig | Paralegal |  | $175 |

(*Id.* at 3.)

Courts review the reasonableness of fees by comparing them "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). The community "is the forum in which the district court sits." *Id.* After the party seeking fees presents evidence about the market, such as affidavits from attorneys, the opposing party has the "burden of rebuttal," and may present its own evidence calling into question the accuracy and reasonableness of the facts asserted by the other party. *Id.* at 1110–11.

The defendants do not object to these billing rates or present any evidence rebutting their reasonableness. (*See* Objections, ECF No. 483.) In light of the nature of this complex litigation matter involving numerous parties and attendant logistical difficulties as well as complex substantive legal matters involving franchise disputes and the Petroleum Marketing Practices Act, the Court finds BP's professionals' rates reasonable.

## II. The Defendants' Objections

Although they do not object to BP's professionals' billing rates, the defendants do object to several other matters. First, the defendants object to the lack of testimony stating that the fees were necessary. (*Id.* at 2–3.) In particular, defendants argue that attorney Deborah Yoon Jones's declaration is deficient because it states that fees were "justified" but does not state that they were "necessary." (*Id.* at 2.) Second, defendants object to the

declarations based on the lack of testimony that costs were necessary, quarreling in particular with charges for wireless internet in flights, room service charges at hotels, and alcoholic beverages with meals. (*Id.* at 3.) Defendants do not cite any authority indicating that the word "necessary," as opposed to "justified," must be included in an affidavit establishing sanction amounts.[3] Nor do the defendants point to any particular line item to which they object. On the other hand, the Court has reviewed the itemized fees and costs associated with the discovery misconduct and litigating the sanctions motions and finds them reasonable. The defendants' objections on these points are therefore **OVERRULED**.

Third, the defendants object to the itemization of fees pertaining to Motion 3, taking issue with BP's "fail[ure] to segregate out what fees it alleges were incurred for Motion No. 3." (*Id.* at 3.) As BP states in a declaration, because the Motion 1 and Motion 2 Defendants are also Motion 3 Defendants, BP "has allocated the time expended on litigating Motions 1 through 3 in this Motion 3 category." (Risner Decl. at 10 n.5.) The legal substance of the three motions was largely the same, such that the motions were in many ways identical. The main differences were the discrete factual allegations pertaining to the different defendant groups' conduct. Thus, BP's method of allocating the costs for

---

[3] In fact, the defendants' objection to Ms. Jones's declaration is the only place in which the defendants cite any authority at all, and even the cases cited focus on California procedural statutes. *See, e.g.*, *Reveles v. Toyota by the Bay*, 57 Cal. App. 4th 1139, 1151 (1997) (considering California Code of Civil Procedure § 1032); *In re Marriage of Quinlan*, 209 Cal. App. 3d 1417, 1422 (1989) (considering California Code of Civil Procedure §§ 128.5, 4370, 4370.5). Sparse citation to legal authority has become a theme for many of the defendants' briefs in this matter. (*See, e.g.*, Named Guarantors/Dealer Defendants' Amended Supplemental Response to BP's Motions for Sanctions, ECF No. 475 (citing no legal authority in an eleven-page opposition); Named Guarantors/Dealer Defendants' Response to BP's Motions for Sanctions, ECF No. 465 (same).) In light of the pending motions for summary judgment in this matter, the Court reminds the defendants that they must support their arguments with legal authority. *See United States v. Karl*, 264 F. App'x 550, 553 (9th Cir. 2008) ("Failure to cite to valid legal authority waives a claim."); CivLR 7.1(f)(3)(b) ("The opposition must contain a . . . an answering memorandum of points and authorities."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . '[j]udges are not like pigs, hunting for truffles buried in briefs.'").

these motions, which involved sorting out fees associated particularly with Motion 1 or Motion 2 but otherwise aggregating the costs under Motion 3, is reasonable. Accordingly, the defendants' objection to BP's cost allocation method is **OVERRULED**.

Fourth, the defendants object to the fees for Motion 1 and Motion 2 on the basis that they purportedly duplicate the fees for Motion 3. (Objections at 3–4.) Contrary to the defendants' objections, however, BP carefully allocates and itemizes costs and fees on a defendant-by-defendant basis for expenses related to specific discovery misconduct and on a motion-by-motion basis for the expenses for which the various defendant groups are jointly and severally liable. (*See, e.g.*, Risner Decl. at 26–29.) For example, an entry for August 8, 2015—which defendants specifically identify and summarily object to—indicates that some work was done for both "Group 1" and "Group 3" over the course of 2.4 hours for a billable total of $840.00. (*Id.* at 29.) Contrary to the defendants' objection that BP fails "to segregate" the costs for various motions, the line item on the righthand column shows that BP apportioned only $420.00 of the $840.00 associated with that entry to Motion 1. (*Id.*) BP is similarly specific in the other entries to which defendants vaguely object, even allocating costs among those defendants in the sub-groups. (*See, e.g.*, *id.* at 27.) For example, BP's counsel spent 1.5 hours on June 25, 2015, updating charts and analysis related to meet and confers with counsel for the defendants "on failure to comply with court orders." (*Id.*) This amounted to $525.00 in billable time, for which BP allocated $4.53 to MK Oil, $4.53 to Pacific Expotech, $4.53 to Southland Petroleum—the Motion 1 Defendants—and $4.53 to each of the Motion 2 Defendants. (*See id.* at 27, 33.) BP apportioned costs on a defendant-by-defendant basis for those defendants ordered to pay the costs and fees associated with their discovery misconduct. Thus, the Court finds that BP diligently allocated expenses to avoid billing for the same time or expenses twice, and properly allocated costs among the various defendants. The defendants' objections on this point are therefore **OVERRULED**.

Fifth, the defendants object to BP's documentation on the basis that it includes charges for "preparing the underlying discovery." (Objections at 4.) The defendants again state this objection without pointing to any particular line item. The Court **OVERRULES** this objection because—like many of its other objections—it is conclusory and does not sufficiently identify any particular expense. These objections presumably refer to those line items in which BP's counsel reviewed particular defendants' discovery misconduct, but that was necessary for purposes of preparing the sanctions motions, and was not simply preparing the underlying discovery. Those expenses are therefore appropriately included in these sanctions awards.

Lastly, the defendants object to imposing costs and fees related to litigating the sanctions motions on each defendant group jointly and severally. (Objections at 4.) The defendants cite no authority to support this objection. Although the Court hesitates to do the defendants' research for them, the Court concludes from its own review of similar cases and authority that, contrary to the defendants' assertion, there is a basis in law and in fact for joint and several liability. *See, e.g.*, *United States v. Vernon*, No. 4:09-CV-00038-LRS, 2012 WL 5416565, at *2, *5 (D. Alaska May 16, 2012) (holding co-defendants who failed to respond to discovery requests jointly and severally liable for defendants' "reasonable expenses, including attorneys' fees, in bringing its motions to compel and for discovery sanctions"), *aff'd*, 485 F. App'x 892 (9th Cir. 2012); *Allen v. Elgin*, No. 2:04-CV-001-PS, 2005 WL 4132537, at *3 (N.D. Ind. Nov. 23, 2005) ("The Court further RECOMMENDS that [thirteen plaintiffs] be jointly and severally liable for the reasonable expenses, including attorney fees, incurred by the Defendant in bringing the instant Motion for Sanctions."), *report and recommendation adopted*, 2006 WL 1707262 (June 19, 2006).

Further, joint and several liability may be appropriate where the "conduct of two or more persons is a legal cause of an indivisible injury . . . ." *See* Restatement (Third) of Torts: Apportionment Liab. § 17 (2000). The Court imposed joint and several liability for costs and fees related to litigating these motions for sanctions. The injury is the time and

expense of litigating these motions, which were apparently necessary to prompt the defendants to get serious about complying with discovery rules and orders. Thus, as a result of each grouping of defendants' conduct, a single harm—or motion—resulted. The Court is therefore persuaded that joint and several liability is appropriate. Accordingly, the defendants' objection on this point is **OVERRULED.** Alternatively, the Court deems the defendants' objection waived due to their failure to cite any authority to support their argument.

## CONCLUSION

In light of the foregoing, the Court approves sanctions against the following defendants in the following amounts:

- The Motion 1 Defendants are individually liable to BP as follows: Southland Petroleum: $4,024.93; MK Oil: $4,240.03; and Pacific Expotech: $5,078.14. The Motion 1 Defendants are jointly and severally liable to BP for $3,525.00 for fees incurred litigating Motion 1.

- The Motion 2 Defendants are individually liable to BP as follows: Chase Products: $2,122.07; David Parker: $423.57; Parshotam Kamboj: $4,466.36; Cal Coast: $1,135.62; Vasaya Oil: $5,307.50; and Sharina Alloush: $3,832.13. The Motion 2 Defendants are jointly and severally liable to BP for $270.00 for fees incurred litigating Motion 2.

- The Motion 3 Defendants are jointly and severally liable to BP for $53,793.10 for fees and costs incurred litigating Motion 3.

**IT IS SO ORDERED.**

Dated: May 2, 2016

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge