UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>CROSSROAD PETROLEUM, INC., ET AL.,<br><br>Defendants and Counter-Claimants. | Case No.: 12cv665 JLS (JLB) Lead Case<br><br>**ORDER REVOKING PRO HAC VICE STATUS**<br>(ECF No. 544) |
| AND RELATED CONSOLIDATED ACTIONS | |

The Court held a Trial Format Setting Status Hearing on July 21, 2016, at which David A. Schiller, who has represented a group of defendants/counter-claimants in this action referred to as the Schiller Defendants, did not appear. At that conference, counsel for plaintiff/counter-defendant BP, along with counsel for several defendants/counter-claimants, notified the Court that they believed Mr. Schiller, who was previously licensed to practice law by the State Bar of Texas, had been disbarred. The website for the State Bar of Texas indicated—and still indicates—that Mr. Schiller was disbarred on June 20, 2016. Mr. Schiller appeared in person before the Court on June 29, 2016 for a hearing on BP's motions for partial summary judgment, but failed to notify the Court of his disbarment.

/ / /

Following the July 21, 2016 Trial Format Status hearing, the Court issued an Order to Show Cause why the Court should not take judicial notice of Mr. Schiller's June 20, 2016 disbarment as indicated on the website for the State Bar of Texas. (*See* Order, ECF No. 542.) Mr. Schiller filed a declaration on July 28, 2016, explaining that he has been in bad health, with very high blood pressure and complications therefrom. (Schiller Decl., ECF No. 544.)

Mr. Schiller attended an evidentiary hearing for Texas State Bar proceedings on May 18, 2016, and participated in the presentation of a witness and identified witnesses and exhibits to be presented at a later hearing. (*Id.* at ¶ 2.) He states under oath that he was unable to attend the June 15, 2016 evidentiary hearing in those proceedings because of his health condition, which led to a default judgment of disbarment. (*Id.* at ¶ 8.) He has filed a motion for a new trial in those proceedings. (*Id.* at ¶ 10.) Mr. Schiller states that, given the pendency of his motion, the judgment of disbarment is not final. (*Id.*) Mr. Schiller nonetheless concedes that he may not be able to travel given his medical condition, and that Ms. Lacey, who is co-counsel for the Schiller Defendants, should assume the role of lead counsel. (*Id.* at ¶ 11.) Mr. Schiller indicates that he is willing to submit his medical records for in camera review. (*Id.*)

Civil Local Rule 83.3(c)(4) provides:

> An attorney not eligible for admission under [the Civil Local Rule pertaining to attorneys licensed by the State Bar of California], but who is a member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any state or of any territory or insular possession of the United States, who is of good moral character, and who has been retained to appear in this court, may, upon written application and in the discretion of the court, be permitted to appear and participate in a particular case.

The Court notes that, by Mr. Schiller's own admission, the State Bar of Texas has entered judgment of disbarment against him. (Schiller Decl. ¶ 8.) Further, the Court takes judicial notice of Mr. Schiller's June 20, 2016 disbarment as indicated on the website for the State Bar of Texas. *See* attorney search function at www.texasbar.com; *see also Singh*

*v. Gonzales*, 231 F. App'x 648, 650 n.1 (9th Cir. 2007) (taking judicial notice of an attorney's disbarment pursuant to Fed. R. Evid. 201); *Forsythe v. Brown*, 281 F.R.D. 577, 582 (D. Nev. 2012) (same). Irrespective of Mr. Schiller's pending motion for a new trial in the State Bar Proceedings, Mr. Schiller is not currently "a member in good standing of, and eligible to practice before, the bar of any United States court or of the highest court of any state." *See* CivLR 83.3(c)(4). He is therefore no longer eligible for pro hac vice status in this matter.

Further, pro hac vice status under Civil Local Rule 83.3(c)(4) is subject to "the discretion of the court." In addition to finding that Mr. Schiller is not in good standing with the State Bar of Texas, the Court exercises its discretion to revoke Mr. Schiller's pro hac vice status. Accordingly, the Clerk of the Court **SHALL** revoke Mr. Schiller's pro hac vice status and terminate him from this case.

Civil Local Rule 83.3(h) authorizes the court to "order any person who practices before it in violation of Civil Local Rule 83.3 to pay an appropriate penalty," which would then be credited to the "court library or pro bono fund." Although the Court finds that Mr. Schiller has violated Civil Local Rule 83.3, the Court declines at this time to order Mr. Schiller to pay a penalty.

**IT IS SO ORDERED.**

Dated: July 29, 2016

Hon. Janis L. Sammartino
United States District Judge