UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP West Coast Products LLC,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Crossroad Petroleum, Inc. et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 12-cv-00665-JLS-JLB<br><br>**ORDER: (1) GRANTING JOINT MOTION PROPOSING AMENDED MANDATORY SETTLEMENT CONFERENCE SCHEDULE; AND (2) RESETTING MANDATORY SETTLEMENT CONFERENCE**<br><br>**[ECF Nos. 576, 577, 581]** |

On August 31, 2016, District Judge Janis L. Sammartino ordered that "[t]he parties **SHALL** by all means practicable attend, prior to the aforementioned status conference, a two day settlement conference with Magistrate Judge Jill Burkhardt." (ECF No. 576.) Magistrate Judge Jill L. Burkhardt set the two day Mandatory Settlement Conference ("MSC") for October 24-25, 2016. (ECF No. 577.) Then, on September 9, 2016, the parties filed a Joint Motion Proposing Amended Mandatory Settlement Conference Schedule (ECF No. 581) requesting that this Court reschedule the two day MSC for October 18 and 19, 2016. The Court **GRANTS** the Joint Motion (ECF No. 581). Accordingly, **IT IS HEREBY ORDERED** that the two day **MSC is RESET and SHALL**

**BE HELD** on **October 18, 2016** and **October 19, 2016**, commencing at **9:00 AM** each day, in the Chambers of Magistrate Judge Jill L. Burkhardt, Edward J. Schwartz U.S. Courthouse, 221 West Broadway, Suite 5140, San Diego, California 92101. On or before **September 22, 2016**, the parties shall file a joint motion proposing a schedule for their personal participation in the two day MSC.

The following are **mandatory** directions for the parties preparing for their MSC. **Absent express permission obtained from this Court, and notwithstanding the pendency of any motion, counsel shall timely comply with the dates and deadlines ordered herein.**

1. **Purpose of Conference**: The purpose of the MSC is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference.

2. **Personal Appearance of ALL PARTIES Required**: All parties, adjusters for insured defendants, and other representatives of a party having full settlement authority as explained below, and the principal attorneys responsible for the litigation, must be present **in person** and legally and factually prepared to discuss settlement of the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference. If each of the principal attorneys responsible for the litigation is not listed on the docket as an "*ATTORNEY TO BE NOTICED*," then they each shall enter their appearance on the docket as soon as practicable, but in no event later than **ten calendar days** prior to the MSC.

Unless there is extraordinary circumstances, persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. **Requests for excuse from attendance for extraordinary circumstances shall be filed as a motion**

**at least ten calendar days prior to the conference.**  Failure to appear at the MSC will be grounds for sanctions.

3. **<u>Full Settlement Authority Required</u>**: In addition to counsel who will try the case, a party or party representative with full settlement authority[1] must be present for the conference.  In the case of a corporate entity, an authorized representative of the corporation who is not retained outside counsel must be present and must have discretionary authority to commit the company to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

4. **<u>MSC Statements Required</u>**:  On or before **October 4, 2016**, the parties **SHALL lodge** supplemental settlement statements of **ten pages** or less (exclusive of exhibits) directly to the chambers of Magistrate Judge Burkhardt updating any developments concerning the nature of the case, the claims, the defenses, and the parties' positions regarding settlement of the case.  The settlement position **must include** a specific and current demand or offer addressing all relief or remedies sought.  If a specific demand or offer cannot be made at the time the brief is submitted, then the reasons therefor must be stated along with a statement as to when the party will be in a position to state a demand or offer.  A general statement that a party will "negotiate in good faith" is not a specific demand or offer.  **The parties shall also attach to or include within their statement a list in of all attorney and (in alphabetical order by last name) non-attorney conference**

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co. v. Joseph Oat Corp.,* 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Int'l, Inc.,* 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference.  *Id*. at 486.  A limited or a sum certain of authority is not adequate.  *See Nick v. Morgan's Foods, Inc.,* 270 F.3d 590, 595-97 (8th Cir. 2001).

**attendees for your side, including the name(s) and title(s)/position(s) of the party/party representative(s) who will attend and have settlement authority at the conference.**

MSC statements shall be lodged via email at efile_burkhardt@casd.uscourts.gov. If exhibits are attached and the total submission amounts to more than 20 pages, a hard copy must also be delivered directly to chambers.  **Whether these statements are submitted confidentially or whether they are served on opposing counsel is within the parties' discretion.**  Statements of more than five pages will not be considered.

     5.    **Requests to Continue an MSC**: Local Rule 16.3 governs MSCs. Requests to continue MSCs are rarely granted.  However, the Court will consider formal, filed *ex parte* or joint motions to continue an MSC when extraordinary circumstances exist that make a continuance appropriate.  In and of itself, having to travel a long distance to appear in person is not "extraordinary."  Absent extraordinary circumstances, requests for continuances **will not be considered unless filed** no less than **ten calendar days** prior to the scheduled conference.

     6.    **Settlement Prior to MSC**:   The Court encourages the parties to work on settling the matter in advance of the MSC.  In the event that the parties resolve the matter prior to the day of the MSC, the following procedures must be followed before the Court will vacate the MSC and excuse the parties from appearing:

        a.  The parties may file a Joint Motion to Dismiss and separately lodge by email a proposed order to the assigned District Judge.[2]  If a Joint Motion to Dismiss is filed, the Court will vacate the MSC.  The parties are encouraged to contact Judge Burkhardt's Chambers by telephone to notify the Court of their pending Joint Motion;

---

[2] *See* Electronic Case Filing Administrative Policies and Procedures Manual, United States District Court for the Southern District of California § 2(h), for the chambers' official email address and procedures on emailing proposed orders.

b. If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a Notice of Settlement containing the electronic signatures of counsel for all settling parties and identifying a date by which the Joint Motion to Dismiss will be filed.  The parties are encouraged to contact Judge Burkhardt's Chambers by telephone to notify the Court of their filed Notice of Settlement;

c. If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement **and** receive Court permission to not appear at the MSC.

After having reviewed Judge Burkhardt's Civil Chambers Rules, appropriate questions regarding this case or the mandatory directions set forth herein may be addressed through a joint call by the parties to Judge Burkhardt's law clerks at (619) 557-6624.  For additional information, please see Judge Burkhardt's Civil Chambers Rules.

Dated:  September 12, 2016

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge