UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS, LLC,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>CROSSROAD PETROLEUM, INC., ET AL.,<br><br>Defendants and Counter-Claimants.<br><br>AND RELATED CONSOLIDATED ACTIONS | Case No.: 12cv665 JLS (JLB) Lead Case<br><br>**ORDER GRANTING IN PART AND DENYING IN PART APPEAL OF SANCTIONS RECOMMENDATION**<br><br>(ECF No. 552) |

Presently before the Court is Defendants' and Cross Complainants' ("Non-Compliant Parties") and Defendants' and Cross Complainants' Counsel Pamela G. Lacey's ("Counsel") Appeal of Sanctions Recommendation ("Sanctions Appeal") (ECF No. 552). Counsel requests "that the sanctions recommendations [("ECF No. 550")] against all of the parties and counsel be set aside . . . except for Toros and Marie Zorenkelian and Natalie and Francois Alvandi."

## BACKGROUND

On February 22, 2016 Magistrate Judge Jill L. Burkhardt ordered "[a]ll parties" and Counsel to "be present **in person** and legally and factually prepared to discuss settlement of the case" on June 8, 2016. (Order re Mandatory Settlement Conferences ("Attendance Order") 2 (emphasis original), ECF No. 487.) The Attendance Order encompassed all

parties at issue in this Sanctions Appeal. (*See id.* at 1.) Judge Burkhardt held the June 8, 2016 mandatory settlement conference ("MSC") as scheduled, but thirty-two parties failed to appear and others arrived late, some "more than an hour" so. (Order to Show Cause Hr'g Tr. ("OSC Hr'g Tr.") 5–6, ECF No. 548.)

After the MSC, Judge Burkhardt issued two June 14, 2016 orders to show cause against certain non-appearing and late-arriving parties and attorneys David A. Schiller and Pamela G. Lacey ("OSCs," ECF Nos. 531, 532). Several weeks later, Counsel filed a Response to the Order to Show Cause ("OSC Response," ECF No. 538) on behalf of many parties named in the OSCs. On July 28, 2016 Judge Burkhardt held oral argument regarding the OSCs and the OSC Response. (*See* OSC Hr'g Tr., ECF No. 548). On August 9, 2016 Judge Burkhardt issued monetary sanctions against thirty-six Non-Compliant Parties and attorneys Pamela G. Lacey and David A. Schiller, and recommended terminating sanctions against nineteen Non-Compliant Parties. (Order re Monetary Sanctions Issued and Terminating Sanctions Recommended 1–6 ("Sanctions Order"), ECF No. 550.) Counsel and the Non-Compliant Parties now appeal the Sanctions Order. (*See generally* Sanctions Appeal.)

## LEGAL STANDARD

Appeals to a United States District Court from a United States Magistrate Judge's pretrial determinations regarding nondispositive issues are reviewed under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *United States v. Raddatz*, 447 U.S. 667, 673 (1980). Dispositive issues are reviewed *de novo*. *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *see* 28 U.S.C. § 636(b)(1)(C). Review under the clearly erroneous standard requires that the Court have a "definite and firm conviction that a mistake has been committed" in order to disturb the underlying decision. *See, e.g.*, *Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Fisher v. Tucson Unified Sch. Dist.*, 652 F.3d 1131, 1136 (9th Cir. 2011). By contrast, *de novo* review means no deference is given to the prior decision, *see, e.g.*, *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011), and the Court must consider the matter anew, as if no

decision previously had been rendered, *see, e.g.*, *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006).

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004). "Sanctions are an appropriate response to 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (citing *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) (noting that a "determination that an order was disobeyed is entitled to considerable weight" because the judge issuing the order "is the best equipped to assess the circumstances of the non-compliance" (quotation marks and citations omitted)).

## ANALYSIS

In the present case, Judge Burkhardt issued and recommended sanctions based on "the reasons stated in the orders to show cause . . . as well as . . . the reasons stated at the July 28, 2016 hearing . . . ." (Sanctions Recommendation 1.) The Sanctions Order carefully sets forth for each Non-Compliant Party and attorney against whom sanctions are imposed and recommended: (1) the type of sanction(s) recommended; (2) the applicable Order to Show Cause; and (3) the relevant page citations in the Order to Show Cause Hearing Transcript.

Judge Burkhardt's imposed monetary sanctions are nondispositive, and thus are reviewed for clear error; the recommended terminating sanctions are reviewed *de novo*. Each is addressed in turn.

**I. Monetary Sanctions**

    *A. Non-appearing and Late-arriving Parties*

The transcript from the July 28, 2016 Order to Show Cause Hearing reveals a thoughtful, thorough, and well-reasoned analysis by Judge Burkhardt determining against

whom to impose monetary sanctions and the distinct sum to be paid by each. (*See generally* OSC Hr'g Tr.)  Although the Court does not here exhaustively summarize Judge Burkhardt's analysis, especially relevant to this appeal are the following points:

- counsel and defendants had approximately 76 days from the date on which Judge Burkhardt issued her Order setting the relevant MSC in which to ensure attendance at the MSC, (*see* Attendance Order 1);

- all parties were notified in the Attendance Order that personal appearance was required and that written motion, submitted at least ten days prior to the MSC, was the only mechanism for seeking excusal from the MSC, (*id.*);

- all parties were notified in the Attendance Order that failure to attend the MSC could be cause for immediate imposition of sanctions, (*id.*);

- thirty-two parties failed to appear at the June 8th MSC, resulting in a delay of at least two hours and the settlement discussion failing to conclude until approximately 9:00 p.m. that night, (OSC Hr'g Tr. 5–6);

- several parties arrived to the MSC late—Judge Burkhardt did not issue orders to show cause as to those who arrived within the MSC's first hour, (*id.* at 6);

- Judge Burkhardt—both at the MSC and in her OSCs—solicited reasons both from the Non-Compliant Parties, their counsel, and their purported representatives at the MSC as to why the Non-Compliant Parties failed to comply with the Attendance Order, and took any such explanations under consideration in her sanctions recommendations, (*id.* at 6–7, 9);

- Judge Burkhardt ultimately divided the groups of Non-Compliant Parties into distinct categories for purposes of recommending sanctions, including whether the Non-Compliant Party filed a declaration in response to the OSCs, whether the Non-Compliant Party had a representative present at the conference, whether the represented Non-Compliant Party settled, and whether the Non-Compliant Party was merely late rather than not in attendance, (*id.* at 11–17).

Also relevant to this appeal is the overall context of this case, in which sanctions have been requested numerous times.  The Court initially denied several sanctions motions, (ECF Nos. 250, 313), but has since imposed sanctions against several parties, including many of the parties at issue in this Sanctions Appeal, (*see, e.g.*, ECF Nos. 319, 332, 392, 404, 431, 435, 478).  Further, the Court recently gave notice to several parties—including the Non-

Compliant Parites—that dispositive sanctions could be appropriate if they continued to fail to abide by Court orders. (*See* December 14, 2015 Order 13–14, 15–16, ECF No. 478.)

After reviewing all of the above-listed documents, the Court is satisfied that Judge Burkhardt did not clearly err in imposing monetary sanctions in the amounts set forth in the Sanctions Recommendation. Judge Burkhardt considered the circumstances underlying each Non-Compliant Party's failure to comply with the Court's Orders, including any reasons given either by the Non-Compliant Party or their purported representative. (*See, e.g.*, OSC Hr'g Tr. 12 (discussing late-arriving parties and distinguishing the recommended sanction amounts as between one party who satisfactorily "documented the serious nature of her personal health problem" and others who did not); *id.* at 13–14 (discussing non-appearing parties and distinguishing the recommended sanction amounts as between parties whose non appearances had minimal "impact on the ability to proceed effectively with the mandatory settlement conference" as opposed to those whose failures to appear had impacts that could not be determined); *id.* at 14–15 (considering Counsel's oral note of a non-appearing party filing a declaration "a day late," pausing oral argument to read the declaration, finding non-appearing party's explanation nonpersuasive, but nonetheless reducing the imposed sanction because the party in fact filed a declaration).)

Judge Burkhardt also addressed the written arguments presented by the Non-Compliant Parties and their Counsel in their OSC Response. Counsel argued that: (1) Counsel and the Non-Compliant Parties did not believe that guarantors had to attend the mandatory settlement conference, (OSC Response ¶ 1); (2) many Non-Compliant Parties' cases nevertheless settled, (*id.* ¶ 2); (3) even though several Non-Compliant Parties did not file excusal motions they nonetheless provided various compelling reasons for non-attendance, (*id.* ¶ 3); (4) several Non-Compliant Parties submitted declarations pursuant to the OSCs explaining why they did not attend, (*id.* ¶ 4); (5) counsel was unable to communicate with several Non-Compliant Parties, (*id.* ¶¶ 5–6); and (6) "[d]ue to the extremely large group of parties represented, it was impossible to gather information from

each individual party as to whether they could or could not appear in order to request permission, in advance, to be excused from attendance," (*id.* ¶ 8). Judge Burkhardt did not find these arguments persuasive, addressing them as follows: (1) "The order I issued on February 22nd was specific and clear as to . . . the dates and the start times" of the settlement conference and was "also clear that each party was to personally appear on the date specified," (OSC Hr'g Tr. 5, 8–9); (2) regardless whether a non-appearing party's case ultimately settled, the "settlement conference was delayed by almost two hours" due to the Non-Compliant Parties' noncompliance, (*id.* at 6, 10–11); (3) no Non-Compliant Parties filed an excusal motion—the sole mechanism set forth in the Attendance Order for requesting excusal—and Judge Burkhardt noted all reasons for non-attendance conveyed at the MSC, (*id.* at 8–9); (4) Judge Burkhardt carefully considered each declaration filed after the OSCs, (*id.* at 10–16); and (5) Counsel had adequate time both to identify the parties with faulty contact information and to communicate to Judge Burkhardt any issues—or potential issues—regarding any party's attendance, (*id.* at 16–17). The Court is satisfied that Judge Burkhardt's reasoning as to each of the Non-Compliant Parties is in no way clear error.

Nor is the Court moved by the Non-Compliant Parties' arguments set forth in the Sanctions Appeal. The Non-Compliant Parties generally argue that the relevant sanctions should be set aside because: (1) many parties speak "English as a second language, do not understand the court processes and clearly, despite being told they HAD TO APPEAR on repeated occasions, did not believe they ALL needed to appear," (Sanctions Appeal ¶ 2); (2) several parties, despite failing to appear, nonetheless settled their cases either through personal or company representatives, (*id.* ¶ 4); (3) many Non-Compliant Parties, despite failing to appear, were represented by individuals who worked to settle claims on their behalf, (*id.* ¶¶ 6, 8, 12); (4) both sanctioned counsel only learned after the settlement conference that they did not have current contact information for several defendants, (*id.* ¶¶ 9–10); and (5) three Non-Compliant Parties who received $150 sanctions and one Non-Compliant Party who received a $50 sanction committed no more than "technical

violations of the rules set forth in the court's order," "were diligent in working hard all day long to try to resolve their cases," and therefore the imposed sanctions are "punitive and unreasonable under the circumstances," (*id.* ¶ 14).

Judge Burkhardt, and now this Court, have already addressed the inadequacy of most of these arguments. For further clarification: (1) parties are not excused from compliance with court orders merely because they speak English as a second language; (2) and (3) Judge Burkhardt, in determining the amount of sanctions imposed, accounted for the fact that some parties settled despite not appearing at the MSC; however, the overall effect of the Non-Compliant Parties' failure to attend was to substantially delay and adversely affect the compliant parties; (4) failing to update contact information does not excuse a party from compliance with a court order; and (5) Judge Burkhardt considered the circumstances of all parties who failed to attend and who arrived late, excusing some and lowering the sanctions amount for others—this, in fact, is not punitive but instead highly reasonable.

Given the foregoing, Judge Burkhardt's imposed monetary sanctions as to each of the Non-Compliant Parties is not clear error and therefore Defendants' appeal of Judge Burkhardt's imposition of monetary sanctions is **DENIED**.

### *B. Counsel*

In addition to Counsel's OSC Response argument that "[d]ue to the extremely large group of parties represented, it was impossible to gather information from each individual party as to whether they could or could not appear in order to request permission, in advance, to be excused from attendance," (OSC Response ¶ 8), Counsel submitted a declaration on her behalf,[1] orally submitted several additional arguments to Judge Burkhardt at the OSC Hearing, and reiterated several prior arguments in her Sanctions Appeal. Counsel argued that: it was her "belief and understanding" that attendance at the

---

[1] Then-counsel Schiller, now disbarred, (*see, e.g.*, OSC Hr'g Tr. 2), also submitted a declaration alleging that he contacted each client by email multiple times, and also told other relevant counsel to contact the clients. However, because Mr. Schiller did not appear at oral argument to offer any additional reasons why sanctions should not be imposed against him, (*id.*), the analysis in this Section regarding Ms. Lacey applies with equal, if not more, force to Mr. Schiller.

MSC was only required for "the principal of each defendant entity"; Counsel is "the third in line of attorneys as local counsel, and I'm only as good as the information I'm provided with"; "[t]hese parties do not make an effort to keep their attorneys apprised of how to reach them"; "the people that did not show up did not give us notice that they would not be there"; "the lion's share of the work was falling on me" and despite "strenuous effort to contact people" Counsel only "ha[d] limited resources"; Counsel "assumed" that no contact from the nonresponsive parties meant they would attend the settlement conference; and Counsel was unaware that guarantors were "parties" to the litigation because she "had not seen the third amended complaint" due to ECF, and apparently secretarial, issues. (OSC Hr'g Tr. 18–23; *see* Sanctions Appeal ¶¶ 1–3.)

The Court need not spend much time on these arguments. Although the Court recognizes that Counsel signed on to a complex and challenging case, (*see* OSC Hr'g Tr. 21 (Judge Burkhardt noting that "I don't want you to think that I'm unsympathetic to the challenges of this case and the challenges particularly of being local counsel on a case like this")), it does not change the facts that Counsel was responsible for ensuring client compliance with the Attendance Order and Counsel had ample time to communicate with the Court regarding the clients with whom she was unable to reach or from whom she had not heard any response. Especially concerning is Counsel's argument that she did not believe guarantors were "parties" within the meaning of the Attendance Order, and that she had not seen the Third Amended Complaint. An attorney serving as local counsel acts "as co-counsel <u>with the authority to act as attorney of record for all purposes</u>." Civ. L.R. 83.3(c)(5) (emphasis added). With authority comes responsibility. Part of that responsibility is reading documents relevant to the litigation. The Settlement Attendance Order states: "**<u>Personal Appearance of Parties Required</u>**: All parties, adjusters for insured defendants, <u>and</u> other representatives of a party having full settlement authority as explained below, <u>and</u> the principal attorneys responsible for this litigation, must be present **in person** . . . ." (Attendance Order 2 (emphasis original).) Notably, the use of the conjunctive "and" in the Settlement Attendance Order unites all members of the list such

that it should have been abundantly clear that anyone meeting any of the list's classifications had to appear in person. And even if Counsel had any questions regarding the specifics of the Settlement Attendance Order she could have easily contacted Judge Burkhardt's chambers for clarification. Most egregious, however, is Counsel's responsive argument at the OSC Hearing that she did not believe "[g]uarantors were parties" because Counsel had not read the operative complaint.[2] This is clearly insufficient cause for failure to comply with a Court Order.

### C. Conclusion

At the Order to Show Cause Hearing Judge Burkhardt summarized as follows: "There were a lot of people here from a lot of places at great expense with very serious work to conduct, and the fact that we did not know who was and wasn't going to be present was a real impediment to a successful execution of the mandatory settlement conference, and the responsibility for that lies both with the actual parties and with counsel." (OSC Hr'g Tr. 17.) The Court agrees. Defendants' appeal of Judge Burkhardt's imposition of monetary sanctions is **DENIED**.

## II. Terminating Sanctions

Judge Burkhardt recommended terminating sanctions against twenty Defendants: Francois Alvandi; Natalie Alvandi; Rajesh Arora; Ghallab Brothers Inc.; Ibrahim Ghallab; Basel Hassounch; Behzad Kianmahd; Kalur Kishan; Ruchisys, Inc.; Ammar Maaytah; Randa Maaytah; Anit Natt; Muna Quasqas; Nader Sahih; Ruchira Sharma; Hamza Shilleh; Kotsai Wang; Rebecca Zomorodian; Marie Zorenkelian; and Toros Zorenkelian. (Sanctions Order 1–5.) Of these Defendants, many have since settled and are now terminated from the docket, thus leaving the following five Defendants who are still active

---

[2] Judge Burkhardt noted: "And I'm sorry, Ms. Lacey. I can't accept as an excuse that you're not familiar with the pleading in the case. There are other ways to get things off the docket. If you can't figure out how you get -- file a notice of appearance and get CM/ECF notification. And you can come to the Court. It's a publicly filed document. You are local counsel. And for you to stand before me and tell me that your explanation for not knowing who the parties are is you haven't had access to the operative complaint in the case in which you're local counsel, it doesn't sit well." (OSC Hr'g Tr. 23.)

in the litigation: Rajesh Arora; Basel Hassounch; Behzad Kianmahd; Anit Natt; Nader Sahih (together, "the Remaining Defendants"). Each of the Remaining Defendants previously had sanctions imposed on them and were "give[n] notice . . . that further failure to comply with discovery orders or to meaningfully participate in discovery, even absent an order to compel, may result in entry of default judgment against them and dismissal of their counterclaims pursuant to Rule 37(b)." (December 14, 2015 Order 16–17 (noting that Remaining Defendants were part of the least culpable subset of the three Defendant subsets addressed in the Order, but nonetheless did "not escape all responsibility" for violations of "at least two discovery orders").)

Counsel argues that terminating sanctions are inappropriate as to any of the Remaining Defendants. In sum: (1) all the Remaining Defendants are solely guarantors, (*see* OSC Response ¶¶ 2–3); (2) all the Remaining Defendants sent a representative to the MSC even though they did not appear in person, (*see id.* ¶¶ 6–7);[3] and (3) Basel Hassounch "has not been a named business partner" for the entity at issue in the litigation "for several years," (*id.* ¶¶ 2–3). Despite slight distinctions between some of the Remaining Defendants, the Court addresses all together as follows.

Although all federal courts have the inherent power to dismiss a case in its entirety, *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004), such dismissal, "[b]ecause of [its] very potency, . . . must be exercised with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). When deciding whether to impose dismissal or default, courts "must" weigh five factors:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

---

[3] Judge Burkhardt indicated that only four of the five remaining Defendants—all but Rajesh Arora—had a representative present at the MSC. (Sanctions Order 2–4.)

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 180 (9th Cir. 1987). Due process requires that courts not dismiss a case as a sanction when "failure to comply is due to circumstances beyond the recalcitrant's control." *See Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). However, when counsel or a party acts "willfully or in bad faith" in failing to comply with court orders, or acts with flagrant disregard of those orders, the Ninth Circuit has "specifically encouraged dismissal." *Id.* Willfulness or bad faith conduct is "disobedient conduct not shown to be outside the control of the litigant." *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1143 (9th Cir. 1997) (quoting *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993)).

In the present case, after weighing the above-listed factors, the Court concludes that at this time issuing terminating sanctions as to the Remaining Defendants is too severe. Although the Remaining Defendants were previously warned that further failure to comply with the discovery process could result in terminating sanctions, they were the least egregious violators of the groups sanctioned in the Court's December 15, 2015 Order. Further, all are guarantors, and at least four of the five sent a representative to the MSC on their behalf. Finally, given the analysis set forth above in Section I.B, *supra*, the Court cannot be completely sure what information the Remaining Defendants received from Counsel prior to the MSC. Taken together, these facts militate in favor of the Court not issuing terminating sanctions at this time.

To be clear: the Court finds that the Remaining Defendants <u>did, in fact, violate a Court Order</u>, thus affecting many other parties' and Judge Burkhardt's ability to be able to effectively conduct the MSC. And this is the second time the Remaining Defendants have been sanctioned in this litigation. Accordingly, the Remaining Defendants would be well advised to reflect on the familiar idiom "three strikes and you are out."

/ / /

/ / /

/ / /

/ / /

# Case 3:12-cv-00665-JLS-JLB   Document 649   Filed 11/29/16   PageID.55113   Page 12 of 12

## CONCLUSION

The Court is cautiously optimistic that Counsel and the Remaining Defendants will not further impede the litigation or violate any other Court orders. However, the Court **GIVES NOTICE** to all sanctioned Defendants that further failure to comply with Court orders or to meaningfully participate in discovery, even absent an order to compel, **SHALL** result in entry of judgment against them and dismissal of their counterclaims pursuant to Rule 37(b).

Accordingly, Defendants' appeal from Judge Burkhardt's Sanction Order is **DENIED** as to the monetary sanctions. The Court **ORDERS** that, <u>on or before 4 weeks from the date when this Order is electronically docketed</u>, all sanctions set forth in Judge Burkhardt's Order be paid to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury. (Sanctions Order 5–6; *see* Civ. L. R. 83.1.) To the extent sanctioned by Judge Burkhardt, Defendants and Counsel must file a Notice of Payment <u>on or before 4 weeks from the date when this Order is electronically docketed</u> verifying that sanctions were paid. Failure to comply with this Order shall constitute grounds for further sanctions.

The Court **DECLINES** to issue terminating sanctions at this time.

**IT IS SO ORDERED.**

Dated: November 29, 2016

*[signature]*
Hon. Janis L. Sammartino
United States District Judge

12

12cv665 JLS (JLB) Lead Case