# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP West Coast Products LLC,<br><br>                            Plaintiff,<br><br>v.<br><br>Crossroad Petroleum, Inc. et al.,<br><br>                            Defendants.<br><br>AND RELATED CONSOLIDATED ACTIONS | Case No.: 12cv665-JLS-JLB Lead Case<br><br>**ORDER FOR MONETARY SANCTIONS**<br><br><br>**[ECF No. 631]** |

This matter is before the Court on a pending Order to Show Cause for failure to comply with Section II.C. of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules and certain of this Court's orders, all of which require all parties to appear in person at mandatory settlement conferences. (ECF No. 631.) After careful review of the record, the facts, and the applicable law, the Court hereby ORDERS that monetary sanctions be paid by the following four defendants for failure to appear at the Mandatory Settlement Conference held on October 18 and 19, 2016: (1) NP Petroleum Corp.; (2) Payam Sahih; (3) William Kirmiz; and (4) Sahar Kirmiz.[1]

---

[1] By separate order, this Court recommends terminating sanctions against the other defendants identified in the pending Order to Show Cause who also failed to appear at the Mandatory Settlement Conference held on October 18 and 19, 2016–Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj. (ECF Nos. 627; 628; 631.) This order is limited to the defendants against whom monetary sanctions are appropriate–Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz.

## BACKGROUND

As pled in the operative Fifth Amended Complaint, Defendant **NP Petroleum Corp.** was the operator and franchisee of the gasoline service station located at 14114 Vanowen St., Van Nuys, California 91405 (Facility No. 9633); Defendant **Payam Sahih** (along with Defendant Nader Sahih) executed a Franchise Agreement Guaranty, personally guaranteeing the obligations of Defendant NP Petroleum Corp. with respect to its Franchise Agreements with Plaintiff; and Defendants **William Kirmiz** and **Sahar Kirmiz** executed a Franchise Agreement Guaranty, personally guaranteeing the obligations of Defendant Parshotam S. Kamboj with respect to his Franchise Agreement with BPWCP. (ECF No. 296-3 at ¶¶42, 57, 58.)

District Judge Sammartino's December 14, 2015 and May 2, 2016 orders recount the "repeated discovery misconduct" of Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz, which resulted in the district court granting in part Plaintiff's motions for sanctions.[2] (ECF Nos. 478; 498.) These defendants were among the defendants referred to as "Motion 3 Defendants" who violated multiple court orders, including a May 19, 2015, order granting in part Plaintiff's motion to compel, (ECF No. 404); a May 28, 2015, order granting in part another of Plaintiff's motions to compel, (ECF No. 411); a June 2, 2015, order granting yet another of Plaintiff's motions to compel, (ECF No. 421); and/or a July 7, 2015, Minute Order directing the parties to meet and confer regarding the Motion 3 Defendants' non-compliance with the Court's discovery orders, (ECF No. 436).[3] (ECF Nos. 448-11; 478 at 3.) The district court explicitly warned these

---

[2] In addition to its attorneys' fees and costs, in its motions, Plaintiff sought the terminating sanction of default judgment in Plaintiff's favor on its Fifth Amended Complaint and dismissal of any counterclaims. (ECF Nos. 446; 447; 448.) The district court granted Plaintiff's request for its attorneys' fees and costs, but denied Plaintiff's request for default and dismissal against Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz (among others). (ECF No. 478.)

[3] The district court labeled groups of defendants as Motion 1, Motion 2, and Motion 3 Defendants to correspond with three motions for sanctions filed by Plaintiff against three groups of defendants based on common sets of facts. As Judge Sammartino explained, "the alleged misconduct gets less severe with

defendants that failure to comply with discovery orders would result in terminating sanctions. (ECF No. 478 at 16-17 ("the Court hereby **GIVES NOTICE** . . . that further failure to comply with discovery orders or to meaningfully participate in discovery, even absent an order to compel, SHALL result in entry of default judgment against them and dismissal of their counterclaims pursuant to Rule 37(b)").)

Magistrate Judge Jill L. Burkhardt held the first mandatory settlement conference involving these defendants on June 8, 2016. Although many defendants failed to appear or arrived more than an hour late, Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz all attended the June 8, 2016 mandatory settlement conference, and thus, were *not* among the absent or late defendants.[4] (ECF Nos. 548; 550.)

Subsequently, this Court held another mandatory settlement conference on October 18 and October 19, 2016. (ECF No. 627; 628.) Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz (among others) failed to appear. (*Id.*) Accordingly, on October 21, 2016, this Court issued an Order to Show Cause in this case instructing Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz that "on or before **November 4, 2016**," they "**SHALL** each file a separate sworn declaration informing the Court why they did not comply with Section II.C. of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules and this Court's this Court's orders." (ECF No. 631 (emphasis in original).) Defendants never filed a declaration (or any written response) as required by the Court's October 21, 2016 Order to Show Cause. (*See* ECF No. 675.) Thus, this Court took the matter under submission without oral argument. (*Id.*)[5]

---

each motion, so that Motion 1 sets forth the most serious episodes of misconduct whereas Motion 3 details the least serious." (ECF No. 478 at 2.)

[4] Thirty-six defendants were ordered to show cause why sanctions should not issue against them because they either failed to appear or were more than an hour late to the mandatory settlement conference held on June 8, 2016. (*See* ECF Nos. 531; 532.) Of those thirty-six, twenty-eight received sanctions. (ECF No. 550.)

[5] Defendants' counsel was critically injured in an accident *after* Defendants' November 4, 2016 deadline. (*See* ECF No. 657.) Due to counsel's unavailability, the Court repeatedly continued its hearing on the

## LEGAL STANDARD

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004). "Sanctions are an appropriate response to 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id*. (citing *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) (noting that a "determination that an order was disobeyed is entitled to considerable weight" because the judge issuing the order "is the best equipped to assess the circumstances of the non-compliance" (quotation marks and citations omitted)). "Failure of counsel or of any party to comply . . . . with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1.a.

## ANALYSIS & CONCLUSION

Defendants NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz failed to appear for the court-ordered Mandatory Settlement Conference held on October 18-19, 2016. They have not provided any explanations for their failures to appear, much less demonstrated that their failures to appear were for reasons outside their control. The Court concludes monetary sanctions should issue against Defendant NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz as follows:

---

Order to Show Cause. (ECF Nos. 643; 658; 668.) However, having received no written response to the Court's Order to Show Cause, this matter was deemed appropriate for decision without oral argument.

1. On or before **November 10, 2017**, **Defendant NP Petroleum Corp. is ORDERED to pay monetary sanctions in the amount of $500.00** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury **and file a Notice of Payment** in this case. *See* CivLR 83.1. In making its determination that $500.00 is an appropriate sanction, the Court has considered Defendant's failure to appear for the court-ordered Mandatory Settlement Conference held on October 18-19, 2016, its prior conduct and sanctions orders (*see* ECF Nos. 404; 411; 421; 436; 478; 498), and its failure to timely pay court-ordered monetary sanctions owed to Plaintiff (*see* ECF Nos. 576; 652).

2. On or before **November 10, 2017**, **Defendant Payam Sahih is ORDERED to pay monetary sanctions in the amount of $500.00** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury **and file a Notice of Payment** in this case. *See* CivLR 83.1. In making its determination that $500.00 is an appropriate sanction, the Court has considered Defendant's failure to appear for the court-ordered Mandatory Settlement Conference held on October 18-19, 2016, Defendant's prior conduct and sanctions orders (*see* ECF Nos. 411; 421; 436; 478; 498), and Defendant's failure to timely pay court-ordered monetary sanctions owed to Plaintiff (*see* ECF Nos. 576; 652).

3. On or before **November 10, 2017**, **Defendant William Kirmiz is ORDERED to pay monetary sanctions in the amount of $400.00** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury **and file a Notice of Payment** in this case. *See* CivLR 83.1. In making its determination that $400.00 is an appropriate sanction, the Court has considered Defendant's failure to appear for the court-ordered Mandatory Settlement Conference held on October 18-19, 2016 and Defendant's prior conduct and sanctions orders (*see* ECF Nos. 404; 411; 421; 436; 478; 498).

4. On or before **November 10, 2017**, **Defendant Sahar Kirmiz is ORDERED to pay monetary sanctions in the amount of $400.00** to the Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury **and file a Notice of Payment** in this case. *See* CivLR 83.1. In making its determination that $400.00 is an appropriate sanction, the Court has considered Defendant's failure to appear for the court-ordered Mandatory Settlement Conference held on October 18-19, 2016 and Defendant's prior conduct and sanctions orders (*see* ECF Nos. 404; 411; 421; 436; 478; 498).

Finally, the Court hereby **GIVES NOTICE** to all sanctioned Defendants that future failure to comply with Court orders, including failure to comply with this Order, **SHALL** result in a recommendation from this Court that judgment be entered against them and any of their counterclaims be dismissed.

Dated: October 13, 2017

*/s/ Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge

6

12cv665-JLS-JLB Lead Case