UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP West Coast Products LLC,<br><br>Plaintiff,<br><br>v.<br><br>Crossroad Petroleum, Inc. et al.,<br><br>Defendants. | Case No.: 12cv665-JLS-JLB Lead Case<br><br>**Report and Recommendation** |
| AND RELATED CONSOLIDATED ACTIONS | **[ECF No. 631]** |

This matter is before the Court on a pending Order to Show Cause for failure to comply with Section II.C. of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules and certain of this Court's orders, all of which require all parties to appear in person at mandatory settlement conferences. (ECF No. 631.) This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b). After careful review of the record, the facts, and the applicable law, the Court hereby RECOMMENDS that terminating sanctions be issued against the following five defendants for failure to appear at the Mandatory Settlement Conference held on October 18 and 19, 2016: (1) Behzad Kianmahd; (2) Nader Sahih; (3) Rajesh Arora; (4) Basel Hassounch; and (5) Parshotam S. Kamboj.[1]

---

[1] By separate order, this Court addresses the issue of monetary sanctions as to the other defendants identified in the pending Order to Show Cause who also failed to appear at the Mandatory Settlement Conference held on October 18 and 19, 2016–NP Petroleum Corp., Payam Sahih, William Kirmiz, and Sahar Kirmiz. (ECF Nos. 627; 628; 631.) This order addresses only those defendants against whom this Court recommends the imposition of terminating sanctions–Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj.

# BACKGROUND

## 1. Identification of These Defendants

As pled in the operative Fifth Amended Complaint, Defendant **Behzad Kianmahd** (along with another defendant) executed a Franchise Agreement Guaranty, personally guaranteeing the obligations of Shomers Group, LLC with respect to its Franchise Agreements with Plaintiff BP West Coast Products LLC; Defendant **Nader Sahih** (along with Defendant Payam Sahih) executed a Franchise Agreement Guaranty, personally guaranteeing the obligations of Defendant NP Petroleum Corp. with respect to its Franchise Agreements with Plaintiff; Defendant **Rajesh Arora** (along with another defendant) executed a Franchise Agreement Guaranty, personally guaranteeing the obligations of Daisie Enterprises, Inc. with respect to its Franchise Agreements with Plaintiff; Defendant **Basel Hassounch** (along with another defendant) (i) were the operators and franchisees of the gasoline service station located at 1539 S. Standard Ave, Santa Ana, California 92707 (Facility No. 9593), and (ii) executed a Franchise Agreement Guaranty, personally guaranteeing the obligations with respect to their Franchise Agreement with Plaintiff; and Defendant **Parshotam S. Kamboj** was the operator and franchisee of the gasoline service stations located at 3302 Del Mar Ave., Rosemead, California 91770 (Facility No. 9509) and 1386 Last Tunas Dr., San Gabriel, California 91776 (Facility No. 9665). (ECF No. 296-3 at ¶¶26, 40, 41, 58, 65-66.)

## 2. History of Prior Misconduct as Determined by Judge Sammartino

District Judge Sammartino's December 14, 2015 and May 2, 2016 orders recount the "repeated discovery misconduct" of Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj, which resulted in the district court granting in part Plaintiff's motions for sanctions.[2] (ECF Nos. 478; 498.) Defendants

---

[2] In addition to its attorneys' fees and costs, in its motions, Plaintiff sought the terminating sanction of default judgment in Plaintiff's favor on its Fifth Amended Complaint and dismissal of any counterclaims. (ECF Nos. 446; 447; 448.) The district court granted Plaintiff's request for its attorneys' fees and costs,

Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj were among the defendants referred to as "Motion 3 Defendants" and each of them violated *all* of a series of court orders, including a May 19, 2015, order granting in part Plaintiff's motion to compel, (ECF No. 404); a May 28, 2015, order granting in part another of Plaintiff's motions to compel, (ECF No. 411); a June 2, 2015, order granting yet another of Plaintiff's motions to compel, (ECF No. 421); and a July 7, 2015, Minute Order directing the parties to meet and confer regarding the Motion 3 Defendants' non-compliance with the Court's discovery orders, (ECF No. 436).[3] (ECF Nos. 448-11; 478 at 3.) Defendant Parshotam S. Kamboj was also a "Motion 2 Defendant" because he engaged in the additional discovery abuse of failing to attend his deposition. (ECF No. 478 at 4.) The district court explicitly warned Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj that failure to comply with discovery orders would result in terminating sanctions. (ECF No. 478 at 15-17 ("the Court hereby **GIVES NOTICE** . . . that further failure to comply with discovery orders or to meaningfully participate in discovery, even absent an order to compel, SHALL result in entry of default judgment against them and dismissal of their counterclaims pursuant to Rule 37(b)").)

### 3. First Mandatory Settlement Conference

Magistrate Judge Jill L. Burkhardt held the first mandatory settlement conference involving these defendants on June 8, 2016. Many defendants failed to appear or arrived more than an hour late. As a result, in August, 2016, Magistrate Judge Jill L. Burkhardt issued monetary sanctions against a subset of thirty-six defendants and their attorneys,[4] and

---

but denied Plaintiff's request for default and dismissal against Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj (among others). (ECF No. 478.)

[3] The district court labeled groups of defendants as Motion 1, Motion 2, and Motion 3 Defendants to correspond with three motions for sanctions filed by Plaintiff against three groups of defendants based on common sets of facts. As Judge Sammartino explained, "the alleged misconduct gets less severe with each motion, so that Motion 1 sets forth the most serious episodes of misconduct whereas Motion 3 details the least serious." (ECF No. 478 at 2.)

[4] Thirty-six defendants were ordered to show cause why sanctions should not issue against them because they either failed to appear or were more than an hour late to the mandatory settlement conference held

recommended terminating sanctions against nineteen of those defendants for their failures to appear or late arrivals at the June 8, 2016 mandatory settlement conference. (ECF Nos. 548; 550.)

Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, and Basel Hassounch were among the defendants against whom monetary sanctions were ordered and terminating sanctions were recommended for their failure to appear. (*Id.*) At that time, Judge Burkhardt did not issue monetary sanctions or recommend the imposition of termination sanctions upon Defendant Parshotam S. Kamboj despite his failure to appear on June 8, 2016. (ECF Nos. 548 at 7, 12; 550 at 3.) This was because Defendant Parshotam S. Kamboj had filed a declaration in response the Order to Show Cause addressing his failure to appear and setting forth good cause excusing his appearance. (ECF Nos. 548 at 12 (referring to the declaration filed at ECF No. 538 at 22-23).)

Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, and Basel Hassounch filed objections appealing the aforementioned sanctions order by Judge Burkhardt. On November 29, 2016, the district court ruled on these objections in a written order. (ECF No. 649.) Judge Sammartino denied the appeal as to the monetary sanctions, but granted the appeal insofar as she declined to adopt Judge Burkhardt's recommendation that terminating sanctions be issued against these defendants. (*Id.* at 12.)

In its order ruling on the objections, the district court cautioned Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, and Basel Hassounch:

> To be clear: the Court finds that the Remaining Defendants <u>did, in fact, violate a Court Order</u>, thus affecting many other parties' and Judge Burkhardt's ability to be able to effectively conduct the MSC. And this is the second time the Remaining Defendants have been sanctioned in this litigation. Accordingly, the

---

on June 8, 2016. (*See* ECF Nos. 531; 532.) Of those thirty-six, twenty-eight received sanctions. (ECF No. 550.)

> Remaining Defendants would be well advised to reflect on the familiar idiom 'three strikes and you are out.'

(*Id*. at 11 (emphasis in original).) Further, Judge Sammartino concluded her order by providing the following notice: "the Court **GIVES NOTICE** to all sanctioned Defendants that further failure to comply with Court orders or to meaningfully participate in discovery, even absent an order to compel, **SHALL** result in entry of judgment against them and dismissal of their counterclaims pursuant to Rule 37(b)." (*Id*. at 12 (emphasis in original).)

**4.    Second Mandatory Settlement Conference**

This Court held another mandatory settlement conference on October 18 and October 19, 2016. (ECF Nos. 627; 628.) The requirement that these defendants appear in person could not have been clearer as multiple orders communicated to Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj that their personal appearances were required.

First, prior orders by both Judge Burkhardt and Judge Sammartino explained that Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj are each "parties" to this litigation who are required to appear in person for mandatory settlement conferences. (ECF Nos. 531; 548 at 8, 550; 649 at 11 ("To be clear: the Court finds that the Remaining Defendants did, in fact, violate a Court Order").)

Second, on August 31, 2016, Judge Sammartino ordered that "[t]he parties **SHALL** by all means practicable attend, prior to the aforementioned [November 10, 2016] status conference, a two day settlement conference with Magistrate Judge Jill Burkhardt." (ECF No. 576.) In furtherance of that order, on September 1, 2016, Judge Burkhardt issued an order setting the Mandatory Settlement Conference and directing all parties to attend "**in person**" in the section of the order titled "**Personal Appearance of ALL PARTIES Required**." (ECF No. 577 (emphasis in original).) Again, prior orders by the Court made clear that this language includes Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj because they are each named defendants in this action.

Third, on September 12, 2016, the Court reset the Mandatory Settlement Conference to October 18 and 19, 2016 and again directed all parties to attend **in person**. (ECF No. 582.) These specific dates were selected based on the parties' joint representation that "the parties are available for mandatory settlement conference on October 18 and 19, 2016." (*Id.*; ECF No. 581 at 2.) In addition, on October 4, 2016, in moving to excuse other defendants from the Mandatory Settlement Conference, Defendants' counsel represented, "I have attempted to confirm and reconfirm repeatedly with **all** of my clients that they will be in attendance." (ECF No. 595 at 2-3 (emphasis added).) Moreover, each of Judge Burkhardt's orders setting the Mandatory Settlement Conference cautioned that failure to appear at the Mandatory Settlement Conference would be grounds for sanctions. (ECF No. 577; 582.)

Finally, lest there be any doubt that Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj were on notice that they were among those required to appear at the Mandatory Settlement Conference, the Court ordered the specific time by which each defendant was to arrive on October 18 and 19, 2016. (ECF No. 597.) Judge Burkhardt's order was issued on October 6, 2017 and instructed as follows:

> 2. On **October 18, 2016** at **9:45 AM**, the following parties SHALL APPEAR:
> . . . .
> i. Behzad Kianmahd
> . . . .
> m. Nader Sahih
> . . . .
> 6. On **October 19, 2016** at **9:45 AM**, the following parties SHALL APPEAR:
> . . . .
> h. Rajesh Arora
> 7. On **October 19, 2016** at **11:45 AM**, the following parties SHALL APPEAR:
> . . . .
> b. Parshotam S. Kamboj
> . . . .

j. Basel Hassounch

(*Id*. at 3-5 (¶¶2, 6-7).)

Then, on October 12, 2016, the Court ruled on all outstanding motions to excuse the personal appearance of any party and again provided an arrival schedule for all remaining parties for the Mandatory Settlement Conference. (ECF No. 611.) This order reaffirmed, and did not alter, the specific times by which Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj were to arrive on October 18 and 19, 2016. (*Id*. at 2-4 (¶¶2, 6-7).) The record could not be any clearer that these defendants were required to appear at the Mandatory Settlement Conference.

In spite of all of these directives, Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj (among others) failed to appear and the mandatory settlement conference. (ECF No. 627; 628.) Accordingly, on October 21, 2016, this Court issued an Order to Show Cause in this case instructing Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj that "on or before **November 4, 2016**," they "**SHALL** each file a separate sworn declaration informing the Court why they did not comply with Section II.C. of Magistrate Judge Jill L. Burkhardt's Civil Chambers Rules and this Court's this Court's orders." (ECF No. 631 (emphasis in original).) Defendants never filed a declaration (or any written response) as required by the Court's October 21, 2016 Order to Show Cause. (*See* ECF No. 675.) Thus, this Court took the matter under submission without oral argument. (*Id*.)[5]

## LEGAL STANDARD

"All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders. . . . As a function

---

[5] Defendants' counsel was critically injured in an accident *after* Defendants' November 4, 2016 deadline. (*See* ECF No. 657.) Due to counsel's unavailability, the Court repeatedly continued its hearing on the Order to Show Cause. (ECF Nos. 643; 658; 668.) However, having received no written response to the Court's Order to Show Cause, this matter was deemed appropriate for decision without oral argument.

7

of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines." *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964–65 (9th Cir. 2004). "Sanctions are an appropriate response to 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (citing *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001)); *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990) (noting that a "determination that an order was disobeyed is entitled to considerable weight" because the judge issuing the order "is the best equipped to assess the circumstances of the non-compliance" (quotation marks and citations omitted)). "Failure of counsel or of any party to comply . . . . with any order of the court may be grounds for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1.a.

Dispositive sanctions are "authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'" *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault." *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003) (quoting *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994)). "In deciding whether a sanction of dismissal or default for noncompliance with discovery is appropriate, the district court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (quoting *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)) (internal quotation marks omitted). This test is a disjunctive balancing test, so not all five factors must support dismissal. *See Valley Eng'rs Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.

8

1998) (observing that the five-factor test "amounts to a way for a district judge to think about what to do, not a series of conditions precedent" to dismissal).

## DISCUSSION

On balance, the five factors utilized in deciding whether to issue terminating sanctions weigh in favor of this Court's recommendation that judgment be entered against Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj and that any counterclaim of these defendants be dismissed. Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj failed to appear for the court-ordered Mandatory Settlement Conference held on October 18-19, 2016. They have not provided any explanations for their failures to appear, much less demonstrated that their failures to appear were for reasons outside their control.

**1.     The Public's Interest in Expeditious Resolution of Litigation**

The public's interest in the expeditious resolution of litigation generally favors dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Given the age of this case and Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj's failures to meaningfully participate in discovery and court-ordered settlement conferences, this factor weighs in favor of terminating sanctions. (*See* ECF Nos. 404, 411, 421, 436, 448-11 (summary chart of non-compliance with court orders), 478, 498, 531, 548, 550, 531, 631, 649.)

**2.     Court's Need to Manage its Docket**

"It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. A significant amount of court time has been spent on addressing noncompliance issues concerning each of these defendants. (*See* ECF Nos. 404, 411, 421, 436, 448-11 (summary chart of non-compliance with court orders), 478, 498, 531, 548, 550, 531, 631, 649.) This time could have been devoted to other cases or to moving this case forward more efficiently with the parties who

do comply with court orders. Accordingly, this factor also weighs in favor of terminating sanctions.

### 3. Risk of Prejudice to Plaintiff

The prejudice factor "looks to whether the [noncompliant party's] . . . actions impaired . . . [the other side's] ability to go to trial or threatened to interfere with the rightful decision of the case." *U.S. for Use & Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co.*, 857 F.2d 600, 604 (9th Cir. 1988). "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643. The failure of Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj to meaningfully participate in discovery and court-ordered settlement conferences has caused unnecessary delay, and has caused Plaintiff to spend time bringing discovery motions and preparing for settlement conferences with no-show defendants. The repeated noncompliance of these defendants has increased the risk of prejudice to Plaintiff. (*See* ECF Nos. 404, 411, 421, 436, 448-11 (summary chart of non-compliance with court orders), 478, 498, 531, 548, 550, 531, 631, 649; *see also* ECF No. 478 at 12, 15 (Parshotam S. Kamboj's "conduct has also prejudiced BP by increasing the time and cost associated with this litigation").) This factor weighs in favor of terminating sanctions.

### 4. Public Policy Favoring Disposition of Cases on their Merits

Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

### 5. Availability of Less Drastic Sanctions

This factor requires a court to consider the "impact of the sanction and the adequacy of less drastic sanctions." *Kahalu Constr. Co.*, 857 F.2d at 604. In *Kahaluu Constr. Co.*, the Ninth Circuit opined that "the district court is generally required to discuss alternative sanctions; but, in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion." *Id*. (citing *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 381 (9th Cir.

1998)) ("consideration of less severe penalties must be a reasonable explanation of possible and meaningful alternatives."). The fact that a court "actually implemented alternative sanctions prior to dismissal may be enough to satisfy the 'consideration of alternatives' requirement." *Kahaluu Constr. Co.*, 857 F.2d at 604.

Here, no other alternative to terminating sanctions is reasonable. For their noncompliance in discovery and for prior failures to appear at a mandatory settlement conference, stern warnings and monetary sanctions have issued against Defendants.[6] (*See, e.g.*, ECF Nos. 478; 498; 531; 649.)

Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, and Basel Hassounch have yet to pay monetary sanctions to the Court as ordered for their failure to appear for the first mandatory settlement conference. (*See generally* CM/ECF docket.) Pursuant to Judge Sammartino's November 29, 2016 Order, by December 27, 2016, each of these four defendants was required to pay $400.00 to the "Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, fund of the United States Treasury" ***and*** "file a Notice of Payment." (ECF No. 649; *see also* ECF No. 550.)

In addition, as far as the Court is aware, four of these five defendants–Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, and Parshotam S. Kamboj–have yet to pay sanctions to Plaintiff as ordered by the Court. (*See* ECF Nos. 498; 652.)[7] Thus, whether

---

[6] As explained herein, Parshotam S. Kamboj is the only defendant subject to this report and recommendation who was not previously sanctioned for his failure to appear at the first mandatory settlement conference. However, like the other defendants at issue here, Parshotam S. Kamboj failed to appear at that mandatory conference and was specifically put on notice that "monetary or other sanctions, including dispositive sanctions" could issue for his failure to appear at that conference. (ECF No. 531 at 4-5 ("shall show cause why monetary or other sanctions, including dispositive sanctions, should not issue against each . . . for their failure to appear").)

[7] According to Plaintiff's filing titled "Notice of Non-Compliance with Court Orders Regarding Payment of Sanctions by Lacey Defendants," Plaintiff still has not received payments from these four defendants:
- Daisie Enterprises Inc./Anup Patel/**Rajesh Arora** ($1,391.19)
- NP Petroleum Corp./**Nader Sahih**/Payam Sahih ($1,391.19)
- **Parshotam Kamboj** ($4,975.09)
- Shomers Group LLC/Bahman Kianmahd/**Behzad Kianmahd** ($1,391.19)

(ECF No. 652 at 2-3 (filed December 1, 2016).)

owed to Plaintiff or to the United States Treasury (or both), all defendants are in arrears and in violation of one or more orders for monetary sanctions.

Moreover, in the various sanctions orders against these defendants, Judge Burkhardt and Judge Sammartino issued repeated warnings that additional sanctions, including terminating sanctions, may issue for any further non-compliance with court orders.[8] Most recently, Judge Sammartino cautioned Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, and Basel Hassounch (who already have been sanctioned twice in this litigation) that terminating sanctions would result for future violations and they "would be well advised to reflect on the familiar idiom 'three strikes and you are out.'" (ECF No. 649 at 11-12.)

Defendant Parshotam S. Kamboj is the only defendant for whom this Court is now recommending terminating sanctions without having previously recommended this level of sanctions. There are two specific reasons why this Court is now recommending terminating sanctions as to this defendant. First, Defendant Parshotam S. Kamboj was a "a Motion 2 Defendant," that is, he previously failed to appear for his deposition and was sanctioned for that very serious conduct. Secondly, this Court excused (after the fact) Defendant Parshotam S. Kamboj's failure to appear at the June 8, 2016 mandatory settlement conference because he filed a declaration stating in part: "At no time did I receive an email from . . . [attorney] Pamela G. Lacey . . . . I admit that I am not actively involved in oversight of this case and thought it had been dismissed. I am truly sorry to

---

[8] (*See* ECF Nos. 478 at n.2 & pp. 3, 16-18 ("The Court hereby **GIVES NOTICE** to the Motion 3 Defendants that further failure to comply with discovery orders or to meaningfully participate in discovery, even absent an order to compel, may result in entry of default judgment against them and dismissal of their counterclaims pursuant to Rule 37(b)."); 548 at 14, 16 ("The sanctions for those individuals who did not appear and did not file declarations and whose matters were not resolved at the MSC will be $400. . . . I am also recommending to District Judge Sammartino that she impose terminating sanctions as a consequence for these failures to appear"); 550 (same); 649 at 9-12 ("the Court **GIVES NOTICE** to all sanctioned Defendants that further failure to comply with Court orders or to meaningfully participate in discovery, even absent an order to compel, **SHALL** result in entry of judgment against them and dismissal of their counterclaims pursuant to Rule 37(b).").)

the Court for any delay or expense caused by my absence and am *absolutely interested in participating in any future hearings. I promise that I will keep my attorneys informed . . . so that nothing like this occurs in the future*." (ECF No. 538 at 23 (emphasis added).) In light of Defendant Parshotam S. Kamboj's failure to appear at his subsequent mandatory settlement conference, the Court no longer credits the protestations which allowed him to avoid sanctions for his first failure to appear.

In sum, the less drastic methods employed by the Court against Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj to secure compliance in this litigation have not been effective.

Based on the record before the Court, this Court finds that Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj are at fault for their failures to appear and recommends that the district court issue terminating sanctions, the risk of which these defendants were previously on notice.

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that judgment be entered against Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj and any counterclaim of Defendants Behzad Kianmahd, Nader Sahih, Rajesh Arora, Basel Hassounch, and Parshotam S. Kamboj be dismissed.

IT IS HEREBY ORDERED that any written objections to this Report and Recommendation must be filed with the Court and served on all parties **no later than October 27, 2017**. The document should be captioned "Objections to Report and Recommendation."

IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than **November 3, 2017**. The parties are advised

that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.[9]

Dated: October 13, 2017

_Hon. Jill L. Burkhardt_
United States Magistrate Judge

---

[9] *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).