UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BP WEST COAST PRODUCTS, LLC,<br><br>    Plaintiff and Counter-Defendant,<br><br>v.<br><br>CROSSROAD PETROLEUM, INC., et al.,<br><br>    Defendants and Counter-Claimants. | Case No.: 12-CV-665 JLS (JLB) Lead Case<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>(ECF No. 688) |
| AND RELATED CONSOLIDATED ACTIONS | |

Presently before the Court is the Report and Recommendation (R&R) of Magistrate Judge Jill L. Burkhardt, recommending the Court issue terminating sanctions against five Defendants in this matter, (ECF No. 688).

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's report and recommendation. The district court must "make a de novo determination of those portion of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Here, no party has filed an objection to Magistrate Burkhardt's R&R, (*see* R&R 13 (objections due by October 27, 2017).) However, counsel Pamela Lacey did file a "Declaration In Support of Opposition to Proposed Sanction Order Dated 10/13/17," ("Lacey Decl.," ECF No. 690). Although this declaration is not titled as requested by Judge Burkhardt, (*see* R&R 13 ("The document should be captioned 'Objections to Report and Recommendation.'")), the Court considers the Declaration.

## ANALYSIS

Judge Burkhardt recommends issuing terminating sanctions against five Defendants: (1) Behzad Kianmahd; (2) Nader Sahih; (3) Rajesh Arora; (4) Basel Hassounch; and (5) Parshotam S. Kamboj. (R&R 1.) In the declaration, Ms. Lacey requests the Court not issue sanctions against Defendants William Kirmiz, Sahar Kirmiz,[1] and Basel Hassounch.

As to William Kirmiz and Sahar Kirmiz, Ms. Lacey declares these two Defendants "were excused from appearing at the October 18–19, 2016 mediation, because they had previously settled with BP in early September 2016." (Lacey Decl. ¶ 3.) First, this is factually incorrect, as there is no order by the Court excusing these Defendants from the October 2016 MSC. In fact, these Defendants were ordered by name to appear on October 19, 2016 at 11:45 a.m. (*See* ECF Nos. 597, 611). Second, the Kirmiz Defendants wear two hats in this litigation: they were named as individual Defendants as guarantors for both S.M.O Oil's Franchise Agreement and Mr. Kamboj's Franchise Agreement. BP did reach

---

[1] William and Sahar Kirmiz are guarantors on Defendant Kamboj's Franchise Agreement with BP West Coast Products LLC ("BPWCP").

a settlement on S.M.O. Oil's Franchise Agreement, (*see* ECF No. 605), but that settlement did not dismiss Defendants William and Sahar Kirmiz from this case. As clearly stated in the stipulation, each Kirmiz Defendant stipulated to the dismissal "solely in his capacity as guarantor of S.M.O Oil, Inc." (ECF No. 605, at 2.) Thus, the record is clear that William and Sahar Kirmiz remain as guarantor Defendants with respect to Mr. Kamboj's Franchise Agreement. And if the Court dismisses Mr. Kamboj, this does not mean the Kirmiz Defendants are dismissed as well; the Kirmiz Defendants remain as named individual Defendants because they signed the lease agreement at issue guaranteeing performance/payment of the lease by Mr. Kamboj.

As to Basel Hassounch, Ms. Lacey stated Mr. Hassounch has settled this matter with BPWCP. (Lacey Decl. ¶ 5.) Subsequently, BPWCP and Defendant and Counter-Claimants Basel Hassounch & Rafael Castillo d/b/a BHRC Petro, Basel Hassounch (solely in his capacity as guarantor of Basel Hassounch & Rafael Castillo d/b/a BHRC Petro) and Rafael Castillo (solely in his capacity as guarantor of Basel Hassounch & Rafael Castillo d/b/a BHRC Petro) ("the BHRC PETRO parties") stipulated to dismiss their claims against one another. (*See* ECF No. 695.) The Court granted the stipulation and the BHRC PETRO parties have been dismissed. (*See* ECF No. 696.)

After analyzing Ms. Lacey's declaration and Judge Burkhardt's R&R, the Court finds that the R&R is thorough, well-reasoned, and contains no clear error. The Court has generously given these Defendants multiple opportunities to comply with the Court orders and engage in litigation in this matter. The Court gave the Defendants a clear warning of dismissal. (ECF No. 649, at 11 ("[T]he Court **GIVES NOTICE** to all sanctioned Defendants that further failure to comply with Court orders or to meaningfully participate in discovery, even absent an order to compel, **SHALL** result in an entry of judgment against them and dismissal of their counterclaims pursuant to Rule 37(b).").) Thus, the Court agrees dispositive sanctions are appropriate in this matter.

Given the recent dismissal of Defendant Hassounch, the Court hereby: (1) **ADOPTS** Magistrate Judge Burkhardt's Report and Recommendation with respect to the four

3

| | |
|---|---|
| 1 | remaining Defendants; and (2) **ENTERS JUDGMENT** against Defendants (1) Behzad |
| 2 | Kianmahd; (2) Nader Sahih; (3) Rajesh Arora; and (4) Parshotam S. Kamboj and |
| 3 | **DISMISSES WITH PREJUDICE** any counterclaims asserted by these Defendants. |
| 4 |     **IT IS SO ORDERED.** |
| 5 | Dated: November 29, 2017 |

*/s/ Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge